### LESTER *vs.* BARRON.

L. and C. being the owners of adjoining lots, (L. owning his lot in fee, and C. holding a contract for his,) and L. being about to erect a building on his lot, they entered into a written agreement, by which one half of the partition wall was to be built upon each lot. L. was to build the wall, and when C. should build upon his lot, he, and those deriving title under him, were to pay L. for one half the cost of the wall. C. sold his interest in his lot to W. W. procured a deed from the owner of the fee, and sold the lot to B., allowing him, by way of deduction from the purchase money, $100, on account of the liability. of the owner of the lot to pay L. for one half of the wall. The deed to B. contained this clause: "The above conveyance is executed subject to the wall now standing on the north line of said lot; the party of the second part *assuming all the liability* under or by reason of any contract now existing in respect to said wall." B. subsequently erected a building upon the lot, using the partition wall therefor. *Held,* that this was not an agreement by B., in terms, to pay L., or to pay *for the wall,* but was simply an undertaking to assume the liability of W.; the parties thereby intending nothing more than to limit W.'s covenant, and to save him harmless from all personal liability.

And that W. not having become personally liable to L., by taking a transfer of C.'s interest in the lot, L. had no right of action against B. upon the stipulation or condition in the deed to the latter.

MOTION for judgment on a verdict taken for the plaintiff, for $224, subject to the opinion of the court at general term. The plaintiff and one Connor, on the 12th of June, 1849, were the owners of adjoining lots of land in the city of Rochester; the plaintiff being the owner in fee of his lot, and Connor having a contract for his. The plaintiff being about to erect a building on his lot, made a contract with Connor, which was duly sealed, acknowledged and recorded, by which one half of the partition wall was to be built upon the land of each of the owners. The wall was to be built by the plaintiff, and when Connor built upon his lot he, and those deriving title from him, were to pay the plaintiff for one half of the said partition wall, and the parties were to keep the wall in repair; and it was covenanted that the said agreement should be perpetual, and should run with the land. Connor held the land by contract from the trustees of the Bank of Rochester. He sold his contract to Silas D.

Walbridge, who paid up the balance of the purchase money, and, in pursuance of the contract, took a deed from the trustees of the bank. Walbridge then sold and conveyed the Connor lot to the defendant, allowing him, by deduction from the purchase price, $100, on account of the liability of the owner of the lot to pay the plaintiff for his half of the wall. The deed from Walbridge to the defendant contained this clause : " The above conveyance is executed subject to the wall now standing on the north line of said lot, the party of the second part assuming all the liability under or by reason of any contract now existing in respect to said wall." The plaintiff claimed that this was an agreement to pay to him the costs of one half of the partition wall. The plaintiff built the wall, and the defendant, after he became the owner of the Connor lot, built upon his lot, placing the timbers upon and using the partition wall for his own building. The one half cost of the wall being $224, the plaintiff thereupon called upon the defendant to pay that sum, and the action was brought to recover the same.

*M. S. Newton*, for the plaintiff.

*W. F. Cogswell*, for the defendant.

*By the Court,* JAMES C. SMITH, J. The plaintiff claims that the defendant is liable to him in this action by the terms of a clause in the deed from Walbridge to the defendant, which is in these words : "The above conveyance is executed, subject to the wall now standing on the north line of said lot, the party of the second part *assuming all the liability* under or by reason of any contract now existing in respect to said wall." This is not an agreement, in terms, to pay *the plaintiff*, or to pay *for the wall* or any part of it, but is simply an undertaking on the part of the defendant to assume a certain liability then existing ; and a question arises as to *whose* liability he assumed. Was it that of any

Lester *v.* Barron.

and every person who may have entered into a contract respecting the wall referred to, or was it merely the liability of Walbridge, the party with whom he was contracting? It seems to me the latter is the true construction of the clause, and that the parties thereby intended nothing more than to limit Walbridge's covenant, and to save him harmless from all personal liability. If this interpretation of the defendant's agreement is correct, it follows that the plaintiff has no right of action thereon, unless Walbridge was personally liable to him; and that does not appear. The assignment from Connor of the contract for a deed, under which Walbridge subsequently obtained his title, imposed no personal liability upon him, nor does Walbridge in his testimony state that he was liable. He says, merely, that the defendant, having bid off the premises, at a public sale, at the price of $700, objected to take them on account of the contract between the plaintiff and Connor, and he (Walbridge) "deducted $100 in order to reconcile the matter." The plaintiff insists, that this arrangement was a virtual admission by both parties of the liability of Walbridge, which the defendant should not now be permitted to deny. I think not. The testimony hardly warrants the conclusion that the defendant, in consideration of $100 intended to assume an *undoubted* obligation for more than twice that sum. It indicates, rather, that the parties being in doubt as to whether Walbridge was in fact liable, under the circumstances, the defendant *took the risk*, in consideration of the $100 allowed him by Walbridge; and this view of the transaction is consistent with the language of the deed.

The defendant is entitled to judgment on the verdict.

Judgment ordered.

[MONROE GENERAL TERM, June 1, 1863. *E. Darwin Smith, Johnson* and *J. C. Smith*, Justices.]