# City Court.

*Trial Term—April,* 1885.

## SQUIER *against* TOWNSHEND.

A contract to pay for the use of a party wall is personal to the builder, and does not pass to his grantee by a conveyance of the property. The contract to pay is also personal to the party contracting to pay, and is not discharged by his conveyance of the property, nor by the grantee's assumption of liability. or by the fact that the grantee used the wall.

McADAM, Ch. J.—Upon the conceded facts I decide :

First. That the contract to pay for the party wall which was erected one-half upon the land of each of the parties litigant was personal to the plaintiff as the builder of the wall, and the right to receive the promised reward did not pass to the plaintiff's grantee (Cole *v.* Hughes, 54 *N. Y.* 444; Scott *v.* McMillan, 76 *Id.* 141; Hart *v.* Lyon, 90 *Id.* 663.)

Second. That the contract to pay for said wall, when used, by the defendant, was also personal to him, and was not discharged by his conveyance of the property, nor by the fact that his grantee and not the defendant in person used the wall. The right of the grantee to use the wall was inherent in and attached to the land which the defendant conveyed ; it was appurtenant to it, and passed with the land to the grantee. The half of the wall for which compensation is claimed stood on the land which the defendant conveyed, and the defendant's grantee could not be prevented from using it. The conveyance made by the defendant, in legal effect, gave the grantee the right to use the wall, and the use of it by the grantee was therefore a use by the defendant's authority, and, within the con-

templation of the agreement, a use by the defendant himself (see cases above cited, and Lester v. Barrow, 40 *Barb.* 297). The defendant must seek his remedy over against his grantee on the covenant to indemnify contained in his deed (Lester v. Barrow, *supra*).

Third. The conveyance executed by the plaintiff simply granted the half of the wall which stood on the lot he conveyed. His right to recover pay for the half which stood on the defendant's lot did not pass by the conveyance, because it was neither an appurtenant nor incident to the grant but independent of it. As between the defendant and his grantee, the half of the wall erected on the lot which he conveyed was appurtenant to the grant and passed by it, subject to the personal covenant of the defendant to pay for it when used. The grant having conferred upon the grantee the right to use the land conveyed, with its appurtenances, the use by the grantee was, as before remarked, a use by the defendant within the contemplation of the parties, and there is no legal reason why the stipulated price should not be paid.

The plaintiff is, therefore, entitled to judgment for $491.60, with interest and costs.