ROBERT HARSHA, Respondent, *v.* WILLIAM REID, Appellant.

45　415
130　557

In a contract for the sale of land, the presumption is, that the parties negotiate upon the land, and a representation as to the condition of buildings upon the premises, does not render the vendor liable in the absence of any fraud, fraudulent concealment or warranty.

A covenant by the owner of land not to permit a grist-mill to be erected thereon, is not a covenant running with the land, charging an unnamed assignee. It is a personal contract, binding only the covenantors, and their personal representatives. An action will lie against no one but the covenantor for a breach of this covenant; and a subsequent grantee of the lands will not be liable upon it.

Upon decreeing specific performance of a verbal contract for the conveyance of real estate, upon the ground of part performance, the court will be governed by the same principles in adjusting the equities of the parties as upon a written contract, valid by the statute of frauds; and if the seller is not able fully to comply with the contract, the buyer has his election, either to have the contract specifically performed, so far as the seller can perform it, and to have an abatement out of the purchase-money, or compensation for any deficiency in the title, quality or other matters touching the estate.

But a court of equity cannot give a personal judgment in damages against a defendant, for an independent cause of action growing out of a contract void by the statute. An existing equitable cause of action, for a specific performance, will not create and secure to the party an independent cause of action, which would not exist and could not be enforced but for the equitable right of action.

Accordingly, in the case of an entire verbal contract for the purchase of land, and of a crop of flax growing thereon, under which the purchaser has entered into possession and made partial payments, in an action brought by him for specific performance, with an allegation of damages for breach of warranty as to the flax,—*Held*, that such damages were not recoverable.

(Argued April 21st; decided May 23d, 1871.)

APPEAL from the judgment of the late General Term of the Supreme Court, fourth judicial district, affirming the judgment of a referee, in favor of the plaintiff.

The action was for a specific performance of a verbal contract for the sale of an undivided half of certain lands, with mills and water privilege, and a large quantity of growing flax, and to recover compensation for certain defects in the title to the lands, as well as for deficiency in quantity, and also for a breach of warranty in respect to the flax. The contract was by parol, and entire, for a sale of the realty and the flax for a sum in gross, and the plaintiff, the purchaser, paid a part of the purchase-price, and entered into possession of the premises; and, after having been in possession for nearly two years, the mills and buildings were destroyed by fire. The plaintiff harvested the flax and converted the same to his own use. The action was tried by a referee, who found that the defendant represented the mill property to be in good repair, when it was not, and that the cost of putting it in

repair was seventy-five dollars. He also found that the defendant represented the title to be good, and the premises free from encumbrance, and that he had, before the contract, granted to another, owning a mill lower down on the same stream, a given quantity of water, to be taken, under some restrictions, from the mill-dam on the premises sold, and that the premises were worth $250 less by reason of such grant.

It was also found, that before the agreement with the plaintiff, the defendant had covenanted with a third person not to put a grist-mill upon the premises, and that they were worth $250 less by reason of the restriction upon their use.

The referee also found that the defendant had warranted that the flax should yield a specified quantity of lint per acre, and that the yield was less than the quantity specified, and that the damages sustained by the plaintiff by reason of such deficiency was $1,051.87. These several sums were allowed by the referee to the plaintiff, which, after deducting the unpaid purchase-price of the land and flax, left $226.87 due the defendant, and judgment was given against the defendant for this amount, with costs, with a judgment for a specific performance of the agreement, by a conveyance of the lands subject to the easements mentioned. The judgment was affirmed on appeal by the General Term, and the defendant has appealed to this court.

*L. Fraser*, for appellant, cited *Erben* v. *Lorillard* (19 N. Y., 299); *King* v. *Brown* (2 Hill, 485); *Thayer* v. *Rock* (15 Wend., 53); *Baldwin* v. *Palmer* (10 N. Y. R., 232).

*C. L. Allen*, for respondent, on the points discussed in the opinion, cited *Barlow* v. *Scott* (24 N. Y., 40); *Alleston* v. *Johnson* (3 Sand. Ch., 72); *Jervis* v. *Smith* (Hoff., 470); *Mills* v. *Van Voorhes* (20 N. Y., 412); *Voorhees* v. *De Meyer* (2 Barb. Ch., 37); 1 Smith's L. Ca., 238; *Ryan* v. *Dox* (34 N. Y., 307).

ALLEN, J.   The brother of the plaintiff was a joint owner with the defendant of the property and interest which was the subject of the contract of sale at the time of the contract, and was instrumental in bringing the parties together and opening the negotiation, resulting in an agreement by the defendant to sell to the plaintiff his undivided moiety of the real estate and of the growing flax.   The negotiation was had and the agreement made in the immediate vicinity, if not at or upon the mill premises.   The presumption is that the parties were upon the land when the contract was made.   (Per GARDNER, J., *French* v. *Carhart*, 1 Comst., 107.)   A fraud cannot be assumed, without proof, under such circumstances, as to the condition of the property.   The referee has charged the defendant with the cost of putting the mill property in repair, but he has not found, and there was no evidence tending to establish a warranty, in respect to the condition of the premises, or any fraud or fraudulent representation or concealment as to their state of repair or their condition.   He properly held that the defendant was not liable to respond in damages for the discrepancy between the actual number of acres of the flax, and the number as represented by the defendant, because " there were no fraudulent representations made or deceit practiced as to that, and no warranty thereof."   The same principle was applicable to the claim for damages on account. of the condition of the buildings.

The referee also erred in holding the personal covenant of the defendant and others with Larkin & Co., that no one should be allowed to erect a grist-mill on the water privilege, which was included in the sale to the plaintiff, a charge upon the land and a restriction upon the use of the premises, by any one who should succeed to the estate and interest of the covenantors, especially one who should purchase without notice of the covenant.   It was a personal covenant, and binding only the covenantors and their personal representatives.   It granted no interest in the premises, and created no charge thereon.   The covenantees did not derive title from the covenantors, but the covenant was an independent and

personal contract, made upon and for a money consideration, in no way connected with the title. It was not a covenant running with the land, charging an unnamed assignee. No right was granted Larkin & Co. to build a mill, but the covenantors agreed that no mill should be erected. An action will lie against no one but the covenantors for a breach of this covenant. A subsequent grantee of the lands would not be liable upon it. (*Keppell* v. *Bailey*, 2 Myl. & K., 517.) Although the contract was not in writing, the plaintiff having in part performed it, and entered into the possession of the premises, and occupied the same, he was entitled to an action for a specific performance. Acting upon the faith of the contract, he has been placed in a situation which is a fraud upon him, unless the agreement is specifically performed. Notwithstanding the invalidity of the contract by the statute of frauds, there was a part performance, authorizing a court of equity to compel a specific performance. (2 R. S., 135, § 10 ; 1 Story's Eq., § 761 ; *Malins* v. *Brown*, 4 Comst., 403.)

Upon decreeing specific performance of a verbal contract upon the ground of part performance, the court will be governed by the same principles in adjusting the equities of the parties as upon a written contract, valid by the statute of frauds ; and if the seller is not able fully to comply with the contract, allow the buyer, at his election, to have the contract specifically performed, so far as the seller can perform it, and to have an abatement out of the purchase-money, or compensation for any deficiency in the title, quantity, or other matters touching the estate ; that is, the purchaser may demand a partial performance of the contract, with compensation for any inability fully to perform. (1 Story's Eq., § 779 ; *Voorhees* v. *De Myer*, 3 Sandf. Ch. R., 614 ; *Mills* v. *Van Voorhees*, 20 N. Y., 412.)

The contract which may be performed specifically by the court, is the agreement to convey the land, and the vendor is estopped in equity from insisting upon the statute of frauds as against the claim for a specific performance ; or, for such compensation, with partial performance, as shall be equiva-

lent to a full performance. The action is brought to compel a conveyance of the land and real property purchased. It could be maintained for no other purpose connected with the agreement. The contract was void at law, and is only permitted to be performed in equity by reason of a partial performance, and to prevent a fraud. The plaintiff has had the full benefit of the contract, except the conveyance of the land. He accepted and received the flax, included in the contract of purchase, and appropriated the same to his own use.

A conveyance of the land would have completed the performance of the contract by the vendor, and the plaintiff could have made no claim beyond that. The contract was a single contract, embracing the realty and the personalty, and was void as to every part of it, and could not be the foundation of an action at law. (*King* v. *Brown*, 2 Hill, 485; *Thayer* v. *Rock*, 13 W. R., 53; *Van Alstine* v. *Wemple*, 5 Cow., 162.)

It was void for all purposes, even as evidence between the parties by which to measure the compensation to which either might be entitled to, in respect to matters connected with it. (*Erben* v. *Lorillard*, 19 N. Y., 299.)

A voluntary performance of a part of a contract, void by the statute of frauds, will not give an action to compel the performance of the residue; and this is true, although there has been a performance of all that part of the contract which is within the statute, and the residue upon which the action is brought is void only from its connection with the part already performed. (*Baldwin* v. *Palmer*, 10 N. Y., 232.) No action at law or equity could have been maintained upon the warranty, in respect to the yield and product of the flax.

Whether the defendant had refused to perform any part of the contract, or voluntarily performed the whole contract, would have made no difference. The plaintiff's right of action is not upon or for a breach of that warranty, and has no connection with the contract for the flax, except as that is incidentally connected in the same agreement with the

agreement to convey the land. The statute of frauds and the principles of equity jurisprudence entitle him to a conveyance of the land, and not to an action for breach of a warranty, in respect to personal property, although the sale and warranty of the personalty was a part of the same contract under which the plaintiff claims a conveyance of the realty. If the defendant could fully perform the contract by conveying the whole land free from encumbrance, the quantity and estate to which the plaintiff is entitled under the contract, the judgment of the court could compel a strict performance, and could do nothing more.

The court could not pronounce and give personal judgment in damages against the defendant for an independent cause of action growing out of this contract, void by the statute. An existing cause of action in equity will not create and secure to the party an independent cause of action which would not exist and could not be enforced but for the equitable action. The plaintiff had the option, when it was found that the defendant could not convey the quantity of land or the estate to which he was entitled, to refuse to accept it. He was not bound to accept a partial performance, with compensation for the part unperformed. But electing to accept partial performance, with compensation for the inability of the defendant fully to perform, he was entitled to that compensation which, with the land, would place him in the same situation which he would have been, if he had got precisely that to which he was entitled. The money compensation, by way of abatement from the purchase-price, should be such as to give the plaintiff a precise equivalent for that which he has lost by reason of the inability of the defendant to convey the land as agreed; that is, the money and the land conveyed should be equivalent, as it stands, for the land agreed to be conveyed, and thus the plaintiff will have, substantially, a specific performance of this part of the contract, which alone he can have specifically performed.

He was not entitled to recover incidentally, and as a part of his relief in respect to the land, for a breach of the void

warranty.    There is no such tacking of causes of action known to the law.

The plaintiff has really recovered a money judgment for a breach of warranty confessedly void.

The judgment should be reversed, and a new trial granted, costs to abide event.

Judgment reversed and new trial ordered.

PECKHAM and GROVER, JJ., dissented.