ANN COLE, Appellant, *v.* JOHN A. HUGHES, Respondent.

The benefit of a covenant will pass with the land to which it is incident, but the burden or liability is confined to the original covenanter, unless a privity of estate between him and the covenantee exists, or is created at the time the covenant is made.

Where an owner of land builds a party wall under an agreement with the adjoining owner that, when the latter shall use it, he will pay the expense of his portion of the wall, the right to compensation is personal to the builder, and does not pass by a grant of his land, nor does the agreement run with the land of the adjoining owner so as to bind his subsequent grantees, and this is so, although the adjoining owner, by the terms of his agreement, assumes to bind his grantees, and although one purchases of him with notice of the agreement.

*Burlock* v. *Peck* (2 Duer, 90) questioned.

(Submitted June 17, 1873; decided September term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial district, affirming a judgment of the City Court of Brooklyn in favor of defendant, entered upon the decision of the court upon trial without a jury.

This action was brought to recover the value of a party wall.

In July, 1861, D. S. Voorhees and Thomas Dean owned adjoining premises in the city of Brooklyn. Dean being about to erect a brick house upon his lot, an agreement in writing was entered into between the parties, by which it was agreed that the western wall of said building should be a party wall, to be built one-half on each lot, and Voorhees covenanted that whenever he, his heirs or assigns should use said wall, he or they would pay Dean or assigns the value of the part so used. The building was built, and said agreement was recorded, and was subsequently assigned to plaintiff. Dean sold and conveyed his premises to other parties. The Voorhees lot passed by various *mesne* conveyances to defendant, who, in 1867, built upon it, using the party wall in question.

Upon these facts the court held the plaintiff not entitled to recover, and directed a dismissal of the complaint.

Judgment was entered accordingly.

*D. P. Barnard* for the appellant. The parties are estopped from alleging the erroneous location of the wall as a ground for a refusal to pay for its erection. (*Coleman* v. *Bean*, 14 Abb., 38; *Hill* v. *Hill*, 4 Barb., 419; Cases, §§ 70, 71; 2 Abb. Dig., 585.) The covenant on the part of Voorhees runs with the land, and the defendant is bound by it. (*Spencer's Case*, 1 Smith L. C., 22; 4 Kent's Com. [6th ed.], note *a*, 471; *Dolph* v. *White*, 2 Kern., 296; Willard's R. E., 416; *Norman* v. *Wells*, 17 Wend., 136; *Allen* v. *Culver*, 3 Den., 284–296; Taylor's L. & T., chap. 7, § 2, 912–916.) Plaintiff has a right to maintain this action. (*Bulock's Admrs.* v. *Peck*, 2 Duer, 98; *Norman* v. *Wells*, 17 Wend.,

149; *Curtiss* v. *White*, 1 Clark's Ch. R., 389; *Todd* v. *Stokes*, 10 Barr [Penn.], 155; *Gilbert* v. *Drew*, id., 219.)

*James L. Campbell* for the respondent. The covenant in respect to the party wall did not necessarily run with the land. (*Curtiss* v. *White*, Clark's Ch. R., 389; *Coffin* v. *Talman*, 8 N. Y., 465.) The assignment to Bergen severed the covenant completely, and left Voorhees liable, personally, in case he used the wall, if built as agreed. (*Spencer's Case*, 1 Smith's L. C., 22; *Thompson* v. *Rose*, 8 Cow., 266; *Norman* v. *Wells*, 17 Wend., 136.)

EARL, C. By the agreement of July 1, 1861, the parties agreed that the wall, then being built, should be and remain a party wall. Voorhees assented that Dean might erect the wall for their common benefit, and that whenever he, his heirs or assigns should use the same, he or they would pay him, his heirs or assigns for such part of the wall as should thus be used. Subsequently Dean conveyed his lot to one person, and his right to compensation for the use of the party wall under the agreement to another, under whom the plaintiff holds.

The first question to be determined is, whether the right to compensation is in the plaintiff or in the owner of the lot. It is claimed that it passed to the grantee of the lot on the ground that the covenant to pay run with the land. To this I cannot assent. When Dean conveyed he conveyed all his interest in the lot, and, as appurtenant thereto, in the party wall. For this interest the grantee paid, and he got all he paid for. There can be no reason in equity why he should also receive payment for some portion of the cost of building the party wall. Voorhees covenanted, in a certain event, to pay this to Dean. It was a chose in action which was due or might be due him. It was in no way attached to the Dean lot. The money to be paid was not for anything done upon the Dean lot, but for something which had been done upon the Voorhees lot, and it no more passed

to his grantee than it would if he had built a house upon the Voorhees lot, using the party wall, and Voorhees had agreed to pay him whenever he or his heirs or assigns should use or occupy it. The covenant to pay was in no sense for the benefit of the Dean lot, but solely for the benefit of Dean, and therefore did not pass to the grantee of the lot. It was so held in Pennsylvania in *Todd* v. *Stokes* (10 Penn. State R., 155); *Gilbert* v. *Drew* (id., 219); *Davids* v. *Harris* (9 id., 503). These cases expressly hold that the right to reimbursement, for the use of a party wall, is personal to the first builder, and does not pass by his grant of the lot, house and appurtenances. It is claimed, however, that these cases were based upon a special statute of that State which altered the common-law rule. The statute referred to was passed February 24, 1721, and provided that " the first builder shall be reimbursed for one moiety of the charge of the party wall, or for so much as the next builder shall use, before he breaks into the wall." This statute imposed upon the second builder the liability to pay in the absence of any agreement to pay, and under this statute the courts held that the right to compensation was a mere chose in action, and did not pass from the first builder by his mere grant of the land. But I do not think this holding was based upon the wording of the statute. That gave the right to compensation, and then the courts held that this right was of such a nature as not to pass by the grant of the land. So here the agreement provides for the same thing that the statute did in those cases, and for precisely the same reason the right to compensation was personal to Dean, a mere chose in action, which did not pass to his grantee of the land. I find no authority in conflict with this conclusion unless it be the case of *Burlock* v. *Peck* (2 Duer, 90), and with the reasoning of the learned judge who wrote the opinion in that case, I am not entirely satisfied.

The next important question to be considered is, whether the agreement of Voorhees to compensate Dean run with the Voorhees lot, so as to bind his subsequent grantees. I do not think it did. At the time Voorhees made the covenant he

received no interest in land, and granted none. He simply assented that Dean might build one half of the wall upon his land, and then he agreed in a certain contingency, which might or might not happen, that he would compensate him. He did not convey to Dean any land upon which the wall was built. They continued to own the land, as before, in severalty, and, except for the agreement, Voorhees could have used the party wall at any time without making compensation. (*Sherred* v. *Cisco*, 4 Sand. Sup. C. R., 480; *Partridge* v. *Gilbert*, 15 N. Y., 601; 2 Washburn on Real Property, 334.)

Dean's right to compensation was in no way charged upon the Voorhees lot. There was, therefore, no privity of estate between Voorhees and Dean. There was simply privity of contract between them, and upon that relation alone could Dean enforce the covenant. Upon such a state of facts it is too clear, upon authority, to be doubted that the burden of the covenant did not run with the Voorhees lot. It is far from being true, as seems to be claimed by the learned counsel for the appellant, that a covenant always runs with the land when it affects and has distinct relation to it.

There is a wide difference between the transfer of the burden of a covenant running with the land, and of the benefit of the covenant, or, in other words, of the liability to fulfill the covenant, and of the right to exact its fulfillment. The benefit will pass with the land to which it is incident, but the burden or liability will be confined to the original covenantor, unless the relation of privity of estate or tenure exists or is created between the covenantor and covenantee at the time when the covenant is made.

The obligation of all contracts is ordinarily limited to those by whom they are made, and if privity of contract be dispensed with, its absence must be supplied by privity of estate. (*Hurd* v. *Curtis*, 19 Pick., 459; *Harsha* v. *Reid*, 45 N. Y., 415; *Keppell* v. *Bailey*, 2 Myl. & K., 517; 1 Smith's Leading Cases, English and American Notes to Spencer's Case; 2 Washburn on Real Property, 262 and 263). In *Hurd* v.

*Curtis*, WILDE, J., declared that the rule, that no covenant can run with the land so as to bind the assignee to perform it, unless there was a privity of estate between the covenantor and covenantee, was without exception. WASHBURN, in his learned work, says " that when one who makes a covenant with another in respect to land, neither parts with, nor receives any title or interest in the land, at the same time with and as part of making the covenant, it is at best a mere personal one, which does not bind his assignee; and that such covenants, and such only, run with land as concern the land itself, in whosesoever hands it may be, and become united with, and form a part of the consideration for which the land or some interest in it is parted with between the covenantor and covenantee." And he illustrates the rule by saying, " when one of two adjacent owners of land covenanted with the other that, if he would erect a party wall between their estates, the former would pay the latter for one-half of it whenever he should use it, it was held to be a personal covenant, and not to run with the land so as to bind the purchaser of the covenantor's land, who should erect a building against the party wall," citing *Black* v. *Isham* (16 Am. Law. Reg., 8); decided in the Supreme Court of Indiana, and *Weld* v. *Nichols* (17 Pick., 543).

It is clear, therefore, that the plaintiff must fail to recover upon the covenant, unless there is something in the claim that the defendant is liable; because he purchased with constructive notice by the record of Voorhees' covenant. Even if he purchased with such notice, he did not become liable in an action at law upon the covenant. In *Keppell* v. *Bailey* (*supra*), Chancellor BROUGHAM says : " The knowledge by an assignee of an estate that his assignor had assumed to bind others than the law authorizes him to effect by his contracts, had attempted to create a real burden upon property which is inconsistent with the nature of that property, and unknown to the principles of the law, cannot bind such assignee by affecting his conscience." (See also 1 Smith's Leading Cases, note to Spencer's Case, 133.)

I̦ am of opinion, therefore, that neither the benefits nor burdens of this covenant run with the land, and that the judgment should be affirmed with costs.

All concur.

Judgment affirmed.