Church, Ch. J.
The claim of the plaintiff to recover the amount overpaid by mistake for the lands conveyed by the defendant is undisputed. The defendant seeks to prevent a recovery to the extent of $1,400, on the ground that one of the houses conveyed to him by the plaintiff was unfinished, and that it cost that sum to finish it. The referee decided in favor of the defendant’s right to reduce the recovery upon the ground that the contract called for seven finished houses, which was clearly erroneous and is scarcely insisted upon here. The houses were specified, but not as finished houses. They answer the description in the contract, and the deed was afterward accepted containing a particular description of the house and lot in question. The parties are presumed to have been on the ground and known the condition of the house and the state of its completion. The defendant, if he did not, had the opportunity to make a personal examination, and the evidence shows that when the deed was executed, at all events, he knew that the house was not entirely finished. *455 The fact that it was unfinished was observable from the outside, and of course was patent from an inside view. The defendant received what he bargained for and he had accepted a delivery of the deed and the property, and if it was not in the precise condition he expected, he is forclosed, in the absence of fraud or mistake, by the maxim crneat emj>tor. (45 N. Y., 418.)
There is no finding or pretence of fraud nor of a mistake which would justify a reformation of the contract. The additional finding of the referee, that the plaintiff “ bargained with the defendant upon the supposition and with the intent that the said unfinished house was to be finished without expense to the defendant,” does not aid the defendant. The finding was correct according to the evidence, but was cautiously expressed so as not tti convey a meaning not warranted. The evidence is that the plaintiff hoped, and perhaps supposed, that the house would be finished by the contractors under a contract made by his grantor, but he did not incur nor intend to incur any obligation in respect to it, and, when they failed, he did all that good faith required and more than he was legally required to do by procuring the builders’ contract and offering it to the defendants.
The ground upon which the learned counsel in this court seeks to sustain the allowance to the defendant for the expense of finishing the house, if I apprehend it, is that there is a counter-equity in favor of the defendant, which, although not sufficient to found an action upon against the plaintiff, and consequently not sufficient upon which to predicate a counter-claim, yet is sufficient to prevent a recovery in the equitable action for money had and received. There are two answers to this ground, each of which is fatal. First, there is no equity of any character in favor of the defendant. It is proved that both parties knew the facts. If so, the most that can be said is that both were disappointed, because a third person did not perform his contract for which the plaintiff was in no wise liable legally, equitably or morally. If the defendant was really ignorant of any of *456 the facts, he has so conducted as to preclude himself from asserting it.
Second, the rule that a party cannot recover money back in this action which has been paid upon a debt barred by the statute of limitations, or contracted during infancy and the like, cannot be applied to this case. (2 Smith’s Leading Cases, 402.) In those cases there is a moral obligation to pay, notwithstanding the legal bar, and when that obligation is thus discharged equity and good conscience forbid a recovery back, but the equity relates to the very claim upon which the money was paid and not to an independent claim, although in the same general transaction. To allow the defendant’s claim would in effect permit a recovery where no legal or equitable right of action existed. The two claims are distinct and separate, and each must stand on its own merits. If the plaintiff had paid the defendant’s claim and was seeking to recover it back, the reasoning of the defendant’s counsel would have some force, but it is inappropriate to weaken or destroy the plaintiff’s right of recovery. We have been referred tó no authority to justify the judgment of the referee. The General Term was therefore right in adding $1,400 to that judgment.
The judgment of the General Term must be affirmed, with costs.
All concur.
Judgment affirmed.