DAVID STEWART, PLAINTIFF, v. HERMAN D. ALDRICH, DEFENDANT.*

*Party wall — covenant by grantee to assume agreement as to — similar in principle to assumption of mortgage.*

Where a deed was executed and delivered, conveying premises subject to a party wall agreement, made between the grantor and the owner of adjoining premises:

*Held,* that the burden was, by express covenant, transferred to the grantee, and he assumed it, and the covenant to pay for the party wall, when used, became united with, and formed part of the consideration for which the land was parted with. That there was no difference between a covenant to assume an obligation of a party wall agreement, and one assuming the payment of a mortgage.

SUBMISSION of case under section 372 of the Code.

The plaintiff, Stewart, owned lot No. 604, and one John N. Hayward owned lot No. 602, on Broadway, and the lots adjoined. In June, 1853, Hayward and Stewart, when Stewart was about to rebuild, made a contract that the new wall should be a party wall between said lots. Stewart was to build the new wall on the dividing line, one-half to be on the land of each party; the foundation to be at least twenty-four inches thick at base, etc.

Hayward, "his heirs and assigns," were to be "at liberty at any

* See *McDonnell* v. *Culver, ante,* p. 155

time to use said wall, or a part thereof, upon paying to the party of the first part (Stewart), a moiety or half part of the then value of said wall, or of the part so used, and not otherwise." Stewart built the wall at his own expense, according to the contract, in 1853.

The contract was duly acknowledged by both, and recorded September 20, 1853, in book 648 of conveyances, page 349.

In 1857, Hayward sold to the defendant, Aldrich, with full covenants of warranty and in fee, and the deed was delivered and recorded. The deed contained this clause, " subject, nevertheless, to a party wall agreement made between the said John N. Hayward and the owners of the building on the lot No. 604 (six hundred and four) Broadway, next adjoining to the north of the premises above described, which party wall agreement, the party of the second part hereto, hereby agrees to assume."

The defendant, as owner under said deed, took possession of and used a portion of said party wall, of the agreed value of $1,955, of which one-half, viz., $977.50, had been demanded of the defendant by the plaintiff, as due under said contract and deed ; and, though admitting such use, and that he still owned such lot, the defendant refused to pay, and insisted he was not liable.

*D. B. Eaton,* for the plaintiff.

*Edwin S. Babcock,* for the defendant.

BRADY, J. :

The deed by which Hayward conveyed the premises to the defendant, subjected the estate created to the party wall agreement made between him and the plaintiff, and the defendant agreed to assume it, that is to say, he agreed when he used the party wall to pay for it, just as his grantor had agreed to do by the agreement mentioned. Whatever may have been the result of " wandering into the region of learned speculation" to which the counsel for the defendant refers in his points, the legal proposition stated is one which must at once strike the untutored and should find a warm embrace in the learned mind. The defendant's grantor acknowledged and respected his own obligation and when he conveyed the property, did so with that obligation as a burden upon it. The duty thus imposed upon the defendant was a part of the consideration for the purchase, just

as much so as the assumption of a mortgage executed by the grantor would have been. The grantor was equally bound to discharge it. He could not avoid the covenant. If he had used the wall he would be required to pay the sum agreed upon. (*Brown* v. *Puntz*, 11 N. Y. Legal Obs., 24; *Sherred* v. *Cisco*, 4. Sand. S. C., 480.) The case of *Cole* v. *Hughes* (54 N. Y., 444) is not at all in conflict with this view.

There was nothing more than constructive notice of the party wall agreement charged against Hughes, no assumption of any agreement in relation to it, or any express or implied obligation to be bound by it.

The court said in that case, however, " there is a wide difference between the transfer of the burden of a covenant running with the land and of the benefit of the covenant, or, in other words, of the liability to fulfill the covenant and of the right to exact its fulfillment. The benefit will pass with the land to which it is incident, but the burden or liability will be confined to the original covenantor, unless the relation of privity of estate or tenure exists, or is created, between the covenantor and covenantee at the time when the covenant is made."

When the deed was executed the burden was by express covenant transferred to the defendant, and he assumed it. The covenant to pay for the party wall when used, became united with and formed a part of the consideration for which the land was parted with between the defendant and his grantor, and this, as already suggested, makes the defendant liable. *Hurd* v. *Curtis* (19 Pick., 459).; *Sherred* v. *Cisco* (*supra*) do not reject, but recognize this principle, and it would be a very extraordinary departure from familiar and established rules, if they did not. There is no difference between a covenant to assume the obligations of the party wall agreement and one assuming the payment of a mortgage. The discussion of a question so simple in its legal and equitable aspects seems to be unnecessary.

The plaintiff should have judgment for the amount agreed upon.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment ordered for plaintiff for amount agreed upon.