JOHN SCOTT, Appellant, v. SAMUEL McMILLAN, Respondent.

A covenant to contribute to the construction of a party wall, when he shall use the same, entered into by an owner of land, for himself, his heirs and assigns, does not run with the land, and is not enforceable against a subsequent grantee of the land; and this, although his deed is by its terms subject to the covenant.

Such a stipulation in a deed imposes no personal liability.

*Brown* v. *Pentz* (1 Abbott C. A. D., 227), distinguished.

(Submitted January 17, 1879 ; decided January 28, 1879.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming a judgment in favor of defendant, entered upon an order sustaining a demurrer to plaintiff's complaint.

The action was brought to recover one-half of the value of a party wall erected by the plaintiff upon premises in the city of New York.

The complaint states that the plaintiff was the owner of a certain lot of land, and John McMillan in his life-time the owner of an adjoining lot. He died, leaving a widow, Margaret McMillan and two children, John and Elizabeth, who as his heirs-at-law, became seized of said lot. That in Octo-

ber, 1871, and after the death of John McMillan, an agreement in writing was entered into between the plaintiff of the first part and Margaret McMillan, administratrix, of the second part, in which, after reciting that the plaintiff is the owner of one lot, and the party of the second part the owner of the other, and that the party of the first part is about to build a house upon the premises owned by him, "so that the westerly wall of said building is to be a party-wall," it is covenanted and agreed by the parties, for themselves, their heirs and assigns, that the party of the first part in building said house may make use of the premises of the party of the second part for the purpose of erecting a party-wall for said house, sixteen inches in width, so that it may stand one-half on each lot, "and the party of the second part may, in like manner, use the land of the party of the first part, and for a like purpose ; but no part of the fee of the said respective lots shall pass to or be vested in either of the parties to the agreement or their heirs or assigns."

It is also agreed that the party of the second part, or her legal representatives, may at any time thereafter use the said party-wall erected by the plaintiff in common with him, on paying one-half of the value thereof.

The agreement was executed by the plaintiff and Margaret McMillan, duly acknowledged and recorded in the office of the register in the city of New York.

The plaintiff thereupon erected a house, and placed the party-wall equally on his own and the adjoining lot. Afterwards, and in December, 1875, the defendant purchased the McMillan lot, and secured a deed thereof, executed by the widow Margaret McMillan and the heirs-at-law, John and Elizabeth McMillan, "granting and conveying the same to him in fee simple, subject to the aforesaid agreement between the plaintiff and Margaret McMillan, of which agreement he had actual notice at the time of the execution of the deed."

The defendant erected a house upon the land so conveyed, and in doing so used the wall so built by the plaintiff, and also added to it.

The complaint states the value of the party-wall, and the refusal of the defendant to pay for one-half or any portion thereof. The defendant demurred to the complaint, alleging that it did not state facts sufficient to constitute a cause of action.

*A. R. Dyett*, for appellant. A party wall is not an incumbrance, but a benefit, so far as it grants an easement on plaintiff's land. (*Hendricks* v. *Stark*, 37 N. Y., 106; *Eno* v. *Delvecehio*, 4 Duer, 60, 61.) The covenant to pay for the use of the party wall runs with the land and binds the grantee whenever he avails himself of the benefits and advantages of it. (*Allen* v. *Culver*, 3 Den., 295--296; 4 Kent Comm. [12th ed.], 472; * *Burlock* v. *Peck*, 2 Duer, 90; *Ketelas* v. *Penfold*, 4 E. D. Smith, 122; *Brown* v. *Pentz*, 1 Abb. C. A. D., 227; *Savage* v. *Macon*, 3 Cush., 500; *Denman* v. *Prince*, 40 Barb., 213, 216; *Myers* v. *Burns*, 33 id., 401, 403; 35 N. Y., 269; *Atlantic Dock Co.* v. *Leavitt*, 50 Barb., 135, 140; *Richardson* v. *Foley*, 121 Mass. R., 457; 23 Am. R., 223, 283; *Norfleet* v. *Cromwell*, 16 id., 791--792.) The defendant using the party wall, with notice of such condition, assented thereto, and became liable to pay half its value. (*Despard* v. *Walbridge*, 15 N. Y., 374; *Schuyler* v. *Smith*, 51 id., 309; *Mack* v. *Burt*, 5 Hun, 28.)

*George H. Forster*, for respondent. The conveyance of land subject to an incumbrance does not create a personal liability of the grantee, unless there is an express assumption by him of the payment of the incumbrance. (*Trotter* v. *Hughes*, 12 N. Y., 74; *Belmont* v. *Coman*, 28 id., 438; *Dingelden* v. *Third Ave. R. R. Co.*, 37 id., 575; *Stebbins* v. *Hall*, 29 Barb., 524.) A party wall is not an incumbrance; it is a mere easement, a right to support while the wall stands, and ceases with the state of things which created it. (*Ogden* v. *Jones*, 2 Bos., 685; *Partridge* v. *Gilbert*, 15 N. Y., 601–615; *Sherred* v. *Cisco*, 4 Sandf., 480.) There is no lien on the land for the cost of a party wall. (*Sherred* v.

*Cisco*, 480, 487–489; *Cole* v. *Hughes*, 4 N. Y., 444.) The record of the agreement did not create an incumbrance on the land. (*Boyd* v. *Schlesinger*, 59 N. Y., 301; *Washburn* v. *Burnham*, 63 id., 132.) The covenant to contribute for the construction of a party wall or its use does not run with the land, but is enforceable by the legal representatives of the covenantee against the legal representatives of the covenantor. (*Cole* v. *Hughes*, 54 N. Y., 444.)

DANFORTH, J. I think the judgment should be affirmed. I am unable to distinguish this case from *Cole* v. *Hughes* (54 N. Y., 444), where, upon an agreement similar to the one above referred to, it was held that the covenant to contribute for the construction of a party-wall did not run with the land and was not enforceable against a grantee of premises, whose former owner had entered into the covenant "for himself his heirs or assigns." The learned counsel for the appellant however claims that in deciding *Cole* v. *Hughes* the court overlooked the earlier case of *Brown* v. *Pentz* (1 Abb. Ct. App. Dec., 227), and refused to follow it in the case of *Brown* v. *McKee* (57 N. Y., 684) afterwards decided. It will be seen however, first, that the former case was decided by an equally divided court and the judgment below affirmed under the statute; and second, that by the deed under which the defendant then held, it was provided *that one-half of the wall should be paid for by him.* This was a promise which the grantor had an undoubted right to make, and to its performance the grantee became liable when he accepted the deed, but such promise is not to be found in the conveyance under which the respondent in this case makes title. In the latter case (*Brown* v. *McKee*) the plaintiff's rights were not considered, the court holding that whatever they might be, no cause of action had accrued.

In the case before us the defendant accepted a deed of the McMillan lot, "subject to the aforesaid agreement," but it is well settled that such a stipulation imposes no personal liability on the grantee, and that in the absence of an express

agreement to assume, or pay, or perform, no agreement will be implied and no action involving a personal liability can be maintained against him.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.