## WILLIAM BEDELL, RESPONDENT, *v.* DAVID T. KENNEDY, APPELLANT.

*Party-wall — when a covenant to pay therefor runs with the land — when a party taking subject to a covenant cannot dispute the liability of his grantor — when the parties are not entitled to a hearing before the appraisers.*

Boggs, the owner of a lot on the south side of a street, being about to erect a house thereon, entered into an agreement, which was duly recorded, with one Lilienthal, the owner of an adjoining lot, by which it was agreed that the easterly wall should be built as a party-wall, the description, dimensions and extent of the said wall being given therein. The agreement then provided: " The moiety of expenses for said wall to be paid by the party of the second part, his heirs or assigns, whenever he or they begin to take use or benefit of the same. And the said parties hereto do hereby mutually covenant and agree, for and with themselves and their respective heirs and assigns, that if it shall become necessary to repair or rebuild the whole or any portion of the said party-wall, the expense of such repairing or rebuilding shall be borne equally by the parties hereto, their respective heirs and assigns, and that whenever the said party-wall, or any portion thereof, shall be rebuilt, it shall be erected on the same spot where it now stands, and of the same size and of the same or similar materials; it is further mutually understood and agreed by and between the parties hereto, that this agreement shall be perpetual, and at all times be construed into a covenant running with the land, and that no part of the fee of the soil herein described, and upon which said party-wall is inclosed, shall be transferred or conveyed in or by these presents."
Lilienthal conveyed his lot to one Mix, who conveyed it to Lilienthal's wife, who joined with her husband in conveying it to Oppenheimer and Metzger. None of these deeds referred to the said agreement or the obligations thereby created. In the next conveyance, which was to Crawford, the agreement was referred to, and the deed was made subject to it. Crawford conveyed to Pupke by a deed which declared that it was made subject to the covenants and conditions contained in the agreement, and that the grantee agreed, " as a further consideration for this conveyance, to perform all the obligations of the said party-wall agreement which, in any manner, are binding upon the said Margaret Crawford, one of the parties hereto, of the first part." Pupke conveyed the premises to the defendant by a deed containing similar provisions. The defendant having erected a building upon his lot and used the party-wall, Boggs assigned his claim for compensation for one-half of the cost of erecting the same to the plaintiff, who brought this action to recover the same.
*Held,* that, as the original covenants relative to the party-wall were duly recorded, and all subsequent parties had notice thereof, and the defendant's title was made subject thereto, he was equitably estopped from denying the liability of his grantors under the said covenants.

That he was estopped from denying that the value of the half of the wall had so effected the consideration of the sale as to shift the burden of the covenant upon the shoulders of the subsequent grantees. ( Per DAVIS, P. J.)

That the covenants ran with the land, and the defendants were bound thereby. (Per BRADY, J., DANIELS, J., dissenting.)

That the plaintiff was entitled to recover. (DANIELS, J., dissenting.)

Where, from the terms of an agreement providing for a party-wall and the appraisal of the amount to be paid by a party using it, it appears that the appraisers are to fix and determine the value of the wall by their own inspection and examination, a hearing of the parties before them is not a necessary part of the proceedings.

*Wiberly* v. *Matthews* (91 N. Y., 648), followed.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial.

The facts in this case are fully set forth in the following dissenting opinion of DANIELS, J.

DAVIS P. J., and BRADY, J., dissent, as appears from their opinions, from so much of the opinion of Mr. Justice DANIELS as holds that the plaintiff could not enforce the agreements contained in the deeds under which the defendants claimed.

*E. H. Moeran,* for the appellant.

*Knowles Brothers,* for the respondent.

DANIELS, J. (dissenting):

The verdict was recovered for one-half the appraised value of a party-wall built equally over the line dividing the two lots of ground now owned by the defendant and the assignor of the plaintiff. The lots are on the southerly side of Sixtieth street, in the city of New York, and in May, 1871, were owned by William Boggs and Christian H. Lilienthal. The party-wall was erected by William Boggs, who continued to own his lot until the adjoining lot was acquired by the defendant, who erected a building upon it, making use of the party-wall in doing so. William Boggs thereupon assigned his claim for compensation for one-half the party-wall to the plaintiff, who brought this action upon the agreement made by the adjoining owners concerning it. By this agreement it was covenanted that when the wall should be used by the party building upon the lot now owned by the defendant, its value should be

appraised and determined by two practical masons, one chosen by each of the parties to the agreement, and they, if necessary, to chose another whose decision should be final.

The evidence sufficiently tended to establish the fact that each of the parties had selected a mason to make this appraisement, and that they met together after having observed and inspected the wall, and agreed upon the sum of $1,290 as the value of the wall. The evidence also tended to show that information of this agreement had been communicated to each of the parties, and that the defendant claimed that the appraisement was too high and offered to pay the sum of $500 as the value of the half of the wall built upon his lot. This offer was verbally accepted, provided payment should be made by a certain day. It was not made, and the plaintiff, by the verdict of the jury, recovered one-half this appraised value, together with the interest which had accrued upon it. Upon this part of the case the verdict of the jury was warranted by the evidence, for it was not contemplated that the parties should be secured an opportunity to be heard before the appraisers, but that the appraisers themselves, from their own inspection and examination, should fix and determine the value of the wall. And where that may be the nature of the agreement, a hearing of the parties before the appraisers is not a necessary step in the course of the proceedings. (*Wiberly* v. *Matthews*, 91 N. Y., 648.)

But the appraisement which was to be, and has been found to have been, in fact, made, extended no farther than a determination of the value of the wall. It in no way included the liability of the defendant to pay for one-half of it, under the terms of the agreement, nor the right of the plaintiff, or his assignor, to maintain an action for the recovery of that amount, and accordingly the appraisement left those points in the controversy entirely unaffected. At the close of the plaintiff's case an application was made to dismiss the complaint, and one of the grounds assigned in support of it was that the covenant to pay for the party-wall, contained in the agreement, did not run with the land, and as the defendant was not a party to it, he was not bound by it, and upon the disposition of that point this appeal is now necessarily made to depend. By this agreement, after the recitals that the parties to it were the owners of these adjoining lots, and that William Boggs, the party of the

first part, was about to erect a building on his lot, it was agreed that the easterly wall should be built as a party-wall, and its description, dimensions and extent were then provided for in the agreement. The agreement then proceeded to declare and provide that: " The moiety of expenses for said wall to be paid by the party of the second part, his heirs or assigns, whenever he or they begin to take use or benefit of the same. And the said parties hereto do hereby mutually covenant and agree, for and with themselves and their respective heirs and assigns, that if it shall become necessary to repair or rebuild the whole or any portion of the said party-wall, the expense of such repairing or rebuilding shall be borne equally by the parties hereto, their respective heirs and assigns. And that, whenever the said party-wall, or any portion thereof, shall be rebuilt it shall be erected on the same spot where it now stands, and of the same size and of the same or similar materials. It is further mutually understood and agreed, by and between the parties hereto, that this agreement shall be perpetual, and at all times be construed into a covenant running with the land, and that no part of the fee of the soil herein described, and upon which said party-wall is inclosed, shall be transferred or conveyed in or by these presents."

Besides the covenant that the value of the wall should be borne equally between the respective parties to the agreement, it was covenanted that one-half the expense of the wall should be paid by the party of the second part, his heirs or assigns, whenever he or they began to take the use or benefit of the wall. And that the agreement which was made between them, including these and the other provisions, should be perpetual and construed into a covenant running with the land. But as it was also covenanted that no part of the fee of the soil described in it, and upon which the wall was to be erected, should be transferred or conveyed in or by the agreement, there was no interest in the soil conveyed by it to which this agreement, for the payment of one-half the expense of the wall by the heirs or assigns of the second party, could become an incident. A covenant running with the land is incidental to the land itself, which may be made the principal subject of the conveyance. And where no land or interest in it is conveyed by means of the instrument, the covenant for payments contained in it will be personal,

and not obligatory, upon the parties deriving title through either of the parties to the covenant. This point was considered under an agreement containing a similar covenant to the one in this action, for payment by the heirs or assigns of the party to the agreement, who should use the party-wall, and it was held that no obligation was created by such a covenant binding the heirs or assigns of the party to pay one-half of the expenses of the party-wall. (*Cole* v. *Hughes*, 54 N. Y., 444.)

And upon a further consideration of the same point, in *Scott* v. *McMillan* (76 N. Y., 141), the same decision was in effect repeated. And this principle seems to be in harmony with the rule which was followed in *Harsha* v. *Reid* (45 N. Y., 415, 418, 419). The rule upon this subject, as it has been stated in general terms, is "that to make a covenant run with the land there must be a subsisting privity of estate between the covenanting parties " (4 Kent [7th ed.], 526), and " a covenant affecting real property, made with a covenantee who possesses a transferable interest therein, is annexed to the estate, and is transferable at law, passing with the interest in the reality to which it is annexed." " If such covenants be made by the owner of land, who conveys his entire interest to the covenantee, being annexed to the estate, the assignee of that estate may bring his action on the covenants in his own name, but the assignee must take the estate which the covenantee has in the land, and no other." (1 Parsons on Conts. [6th ed.], 231.)

In the present case, as no part of the fee of the soil was designed to be, or was, transferred by either of the parties to the agreement to the other, no interest in the land was in any form conveyed to which the covenant for the payment of one-half the party-wall could be annexed or become an incident, and for that reason the covenants in the agreement, although so declared to be intended, were not covenants running with the land. Upon this subject the observation was cited with approval in *Cole* v. *Hughes* (*supra*), that " the knowledge by an assignee of an estate that his assignor had assumed to bind others than the law authorizes him to affect by his contracts, had attempted to create a real burden upon property which is inconsistent with the nature of that property, and unknown to the principles of the law, cannot bind such assignee by affecting his conscience." This agreement, therefore, although it was recorded,

and the defendant, as well as those through whom he derived his title, were chargeable with notice of its existence, imposed no obligation upon him, on which an action could be maintained for the recovery of one-half the value of the wall. But the party liable for that value must be the person with whom the agreement was made, and who at that time covenanted to pay.

In the transmission of his title no attempt was made by his deed to impose the obligation of performing this part of the agreement upon his grantee. He conveyed it to William P. Mix, and Mix conveyed it to Susanna P. Lilienthal, and she with her husband conveyed to Edward Oppenheimer and Isaac Metzger, without making the slightest reference or allusion, in either of the conveyances to this agreement, or the obligation stated in it, intended to be imposed on the heirs or assigns of the owner of this lot, to pay the value of one-half of the wall. In the next conveyance which was made to Margaret Crawford, the agreement was referred to, and the deed was made subject to the agreement. She afterwards conveyed to Helene Pupke, and declared her deed to be subject to the covenants and conditions contained in the party-wall agreement, and that the party of the second part agreed, " as a further consideration for this conveyance, to perform all the obligations of the said party-wall agreement, which in any manner are binding upon the said Margaret Crawford, one of the parties hereto of the first part." Her grantee conveyed the same lot to the defendant in this action, and in her deed declared it to be subject to the same covenants and conditions, and that " the party of the second part hereby also agrees, as a further consideration for this conveyance, to perform all the obligations of the said party-wall agreement, which in any manner are binding upon the said Helene Pupke." By neither of these conveyances was the obligation of Christian L. Lilienthal, who was the person executing the agreement, imposed upon, or assumed by the grantee of the title. But the most that was done was to impose the same obligations upon Helene Pupke which were in any manner binding upon Margaret Crawford, her grantor, and upon the defendant, the obligations of his grantor. And as the deeds through which she derived her title from Lilienthal and others contained no reference whatever to this agreement, Margaret Crawford had in no

manner become bound for the performance of the party wall agreement. ( *Vrooman* v. *Turner,* 69 N. Y. 280.)

As Margaret Crawford had not become bound, her grantee was in like manner absolved from liability, for the latter agreed to be bound no further than the former was at the time of the execution and delivery of her deed. And as she had not become bound in any manner for the performance of the party-wall agreement, it follows that her grantee was not so bound, for all she obligated herself to do was to perform so far as the agreement was binding upon her grantor. And that was the character of the conveyance made by Helene Pupke to the defendant, for it did not bind him, or attempt to bind him, to the performance of the party-wall agreement, but only to perform the obligations of the agreement which were in any manner binding upon Helene Pupke. In this state of the facts, and under these authorities, there was no legal obligation by which the defendant was bound to pay Boggs, or to the plaintiff, as his assignee, the value of one-half of this party-wall. And as there was no liability resting upon him, the action was deprived of all legal foundation for its support. The complaint, accordingly, should have been dismissed when the application was made for that purpose upon the close of the plaintiff's evidence.

The judgment and order should, therefore, be reversed, and a new trial directed, with costs to abide the event.

DAVIS, P. J. :

The original covenants relative to the party-wall were duly recorded, and all subsequent parties had notice of them and of the fact that the wall was built and maintained according to their provisions. The boundary line of the respective lots was the center of the party-wall, and every purchaser had notice that the land purchased by him was subject to the obligation to bear the half of the party-wall that rested on his land, under the terms of the covenants on record. Several of the later conveyances expressly subjected the grantee to the obligations of the covenants by subjecting such grantees to the liabilities resting on their respective grantors. The defendant took his title subject to such obligation. Upon these several facts equity will, or ought to, recognize an *estoppel in pais,* which prevents defendant from denying that the

several grantors, whose conveyances were severally subject to the covenants of their respective grantors,.to pay for the party-wall when used, were in fact predicated upon an obligation by which some antecedent grantee of the premises had charged this land with the burden of a running covenant, or that the value of the half of the wall had so affected the consideration of the sale as to shift the burden of the covenant upon the shoulders of the subsequent grantees.

I think the judgment may, therefore, be sustained, and am in favor of its affirmance.

BRADY, J., concurred.

BRADY, J. :

I think the agreement as to the party-wall differs in this case from those in *Coles* v. *Hughes* (54 N. Y., 444) and *Scott* v. *McMillan* (76 N. Y., 141). Here the agreement is absolute that the moiety of the expenses for the wall shall be paid whenever the use or benefit of it is begun. The agreement is also by its terms to be construed into a covenant running with the land, which is a very important difference. The decisions referred to rest upon the proposition that the covenant created by the agreement, as to the wall, does not run with the land. The result of the agreement here is, however, that it shall run with the land, and thus the benefit and burden go hand in hand. I am, therefore, for affirmance.

Judgment affirmed.