McAdam, C. J.
Whatever the arrangement or oral understanding upon which the wall was erected, is of no material consequence now, as the erection was approved of, and the parties by their sealed instrument have settled their legal rights and obligations concerning it. See 1 Chitty on Cont. (11th Am. ed.), 71, 72; Story on Cent., §§ 472, 473.
A part beneficial consideration, with circumstances to imply a request, is sufficient to support the defendant’s promise. Livingston v. Rogers, Coleman & C. cases at p. 334. This is not an effort on the part of the plaintiff to charge the defendant with out his concurrence, for the action is founded on a specialty signed by the defendant in which his promise to pay is contained. That the contract was personal to the plaintiff as the builder of the wall, and that he has a cause of action for one-half the value of the wall, either against the defendant as his covenantor or against Woolley, on his privity of estate as grantee, cannot be seriously doubted. If Woolley is liable, the defendant is not, for Woolley used the wall, and the defendant personally did not. If Woolley is not liable, the defendant as covenantor is, or the plaintiff is remediless.
Upon equitable principles it would seem just that Woolley, the grantee, who made use of the wall, should compensate for its use, and this theory is ably argued by Commissioner Dwight in his dissenting opinion in Brown v. McKee (2 City Ct. Rep., 320). He gives cogent reasons why such a liability should be enforced. He holds that the covenant is one running with the land, that the burden of a covenant will run with a corporeal estate in the land, and the benefit of it with an incorporeal one. The same result was reached, but upon different grounds, in Bedell v. Kennedy (23 W. D., 210; S. C., 38 Hun, 510). These rulings would have great weight were it not for the fact that the court of appeals in Harsha v. Reid (45 N. Y., 415); Cole v. Hughes (54 N. Y., 444), and in Scott v. McMillan (76 N. Y., 141), has established a different rule.
That court holds that the covenant is personal to the contacting parties, and that the burden of the covenant does not run with the land, so as to charge grantees with the payment of the wall when used. These cases hold that the grantee is not liable by reason of the grant or the privity of *751 estate, and that “the knowledge hy an assignee of an estate, that his assignor had assumed to bind others than the law authorizes him to effect by his contracts, had attempted to create a real burden upon property which is inconsistent with the nature of that property, and unknown-to the principles of the law, cannot bind such assignee by affecting his conscience.” This observation was cited and approved in Cole v. Hughes (supra).
It is clear from these decisions that Woolley is not liable-for the one-half value of the wall used by him, and unless the defendant is held liable the agreement to pay is rendered inoperative. The contract contemplates the payment of one-half of the value of the wall at the time of the use thereof—not by the builder who had already paid for the entire wall, but by the other contracting party who had not, which, in this case, is the defendant. It is a rule of law, that where a contract involving reciprocal engagements is entered into, it binds some one to the performance of its conditions, and if no one else is liable thereon, the law holds the contracting parties. By analogy see sec. 264, Story on Agency. Upon principle, therefore, as the obligation entered into by the defendant fails to bind his heirs or assigns, it must be regarded as his personal obligation.
It is laid down as a settled principle of construction that “it is not necessary, in order to charge a party with a covenant, that there should be express words of covenant or agreement, but it is enough if the intention of the parties to create a covenant be apparent * * * that whenever the court can collect from the instrument an engagement on the one side to do or not to do something, it amounts to a covenant, whether it is in the recital or in any other part of the instrument.” Broomes Leg. Maxims (7th ed.), 547. The same rule is laid down in Frey v. Johnson (22 How. Pr., 316), as follows: “Where, in a contract under seal, it is the manifest intention that a party shall do certain things not expressly stipulated, a covenant to do such acts will be inferred, and an action may be maintained for their nonperformance in like manner as if the instrument had contained express covenants to perform them.” The intention to create an obligation to pay when the wall was used is clear from a reading of the contract, and as the covenant does not, upon legal principles, bind Woolley, the grantee, who made use of the wall, it binds the defendant, who must be presumed to have known the law before referred to, and to have entered into the obligation with reference to it. The grant of the land by the defendant in legal effect authorized the use of the wall by Woolley, and as the defendant put it out of the power of the plaintiff to enjoin the use thereof by Woolley, it is to be regarded for legal *752 purposes as a use thereof by the defendant within the meaning and intent of the .covenant. Brown v. McKee, 57 N. Y., 684; Squier v. Townsend, 2 City Ct., Rep., 142. For these reasons it follows that the plaintiff is entitled to judgment for $715.58, the amount claimed in the complaint, with $30.04 interest thereon, aggregating $749.62, with costs.