MARIE H. FROHMAN, Plaintiff, *v.* CHARLES DICKINSON, as Executor, Defendant.

(New York Superior Court—General Term, January, 1895.)

The right of the builder of a party wall to receive payment under the agreement upon use of the wall by the other party thereto is personal to him, and does not pass to his grantee.

The obligation to pay for a party wall when used is personal to the party agreeing to make such payment, and is not discharged by a conveyance of the property, nor by the fact that it was his grantee, and not such party in person, who used the wall.

Plaintiff and defendant's testator entered into a party-wall agreement by which the former was to build a party wall and the latter was to pay half the expense thereof when he should use it. The testator died without having exercised his right to use the wall, and defendant thereafter conveyed his premises to a third person, to whom plaintiff had previously conveyed her house and lot. The grantee thereafter, in making an extension, used the party wall. *Held*, that such use by the grantee was a use by defendant's authority and, within the contemplation of the agreement, a use by the defendant, and that plaintiff was entitled to recover from the estate of the testator the amount agreed to be paid for such use.

MOTION for judgment upon verdict directed in favor of the plaintiff, subject to the opinion of the court at General Term.

New York Superior Court, January, 1895.        [Vol. 11.

*L. Skidmore*, for plaintiff and motion.

*Stimson & Williams*, for defendant, opposed.

McADAM, J.   On September 18, 1890, the plaintiff was the owner of the house and lot No. 49 West Twenty-eighth street, in the city of New York, and defendant's testator, William W. Jones, owned the house and lot adjoining on the west, No. 51 West Twenty-eighth street.   On that day the plaintiff and Jones made a written agreement, reciting that both parties desired the erection of a party wall on the rear of the dividing line between said lots ; that the said wall should be erected by the plaintiff at her own expense, and that said Jones "shall have the right to use said wall at any time in the future" by then paying plaintiff one-half of the cost, fixed at $250.

Plaintiff at once proceeded to build on said line a brick wall, of which one-half stood upon each lot.   Jones died June 11, 1891, having never exercised the right to use said wall conferred by the agreement.   By his will he appointed the defendant his executor, with power to sell said house and lot.   On April 16, 1892, the plaintiff sold her house and lot to Charles B. W. Savage.   On the following May ninth the defendant, as executor of Jones, sold the house and lot No. 51 West Twenty-eighth street to said Savage, who thus became the owner in fee of both properties.   Subsequently Savage built a one-story extension building on the rear of lot No. 51, and the erection of this extension by him is claimed by the plaintiff to constitute such a user of the wall as to impose a liability on the estate of Jones under the agreement for the $250 aforesaid.

The contract to pay for the party wall, which was erected one-half upon the land of each of the parties, was personal to the plaintiff as the builder of the wall, and the right to receive the promised reward did not pass to the plaintiff's grantee. *Cole* v. *Hughes*, 54 N. Y. 444; *Scott* v. *McMillan*, 76 id. 141; *Hart* v. *Lyon*, 90 id. 663.

The contract to pay for the wall when used by Jones was

also personal to him, and was not discharged by the convey-
ance of the property by his executor, nor by the fact that his
grantee, and not the defendant in person, used the wall. The
right to use the wall was inherent in and attached to the land
which the defendant conveyed; it was appurtenant to it, and
passed with the land to the grantee. The half of the wall for
which compensation is claimed stood on the land which the
defendant convéyed, and the defendant's grantee could not be
prevented from using it. The conveyance made by the
defendant in legal effect gave the grantee the right to use the
wall, and the use of it by the grantee was, therefore, a use by
the defendant's authority, and, within the contemplation of
the agreement, a use by the defendant himself. *Squier* v.
*Townshend,* 2 City Ct. Rep. 142; *Squires* v. *Pinkney,* 13 N. Y.
St. Repr. 749; *Scott* v. *McMillan,* 16 id. 795.

The defendant urges that after Savage became the owner in
fee of both lots the wall ceased to be a party wall, and that
his right to deal with it did not depend upon and was not
derived from the agreement; that he might have destroyed
the wall and rebuilt one either upon the same line or any other
portion of the united premises; and that in that event he
would not have become liable under the agreement. We are
not called upon to consider what might have been the liability
of the parties if the wall had not been used as contemplated
by the agreement, but are to decide the liability of the parties
growing out of the use actually made; and such use being
that for which $250 was to be paid, the right to that sum
became immediately vested in the plaintiff.

The plaintiff never had title to the property of the defend-
ant, and she had nothing to do with his conveyance to Savage.
It must be evident, therefore, that the defendant could not
discharge himself from a personal obligation to pay by a mere
conveyance of his property to another, or upon any argu-
ment founded upon legal complications growing out of the
transfer.

The use of the wall by the defendant within the meaning
of the covenant to pay was clearly established at the trial, and

New York Superior Court, January, 1895.          [Vol. 11.

the direction to find for the plaintiff was right. It follows, therefore, that the plaintiff's motion for judgment upon the verdict (Code, § 1234) must be granted, with costs.

GILDERSLEEVE, J., concurs.

Motion granted, with costs.