ISIDORE SAFRAN, Plaintiff, *v.* HARRY WESTRICH, Defendant.

Supreme Court, Queens County, February 27, 1930.

*Goldberg & Propper* [*Solomon Goldberg* of counsel], for the plaintiff.

*Kolbrener & Schlissel* [*Abraham Schlissel* of counsel], for the defendant.

CROPSEY, J. The complaint is challenged as not stating a cause of action. Plaintiff's assignor was the lessee of one of several stores in a building owned by one Hallfeld. The term was five years, with a privilege of renewal for four years additional, which privilege was exercised. The lease provided the premises were to be used as a restaurant and contained this clause: " The landlord agrees that he will not during the term of this lease let any other store in the building, of which the demised premises form a part, for a restaurant." The lease made its provisions binding on the parties " and their legal representatives." The plaintiff and his assignor used the leased premises as a restaurant. Hallfeld sold the premises and the new owner, while the plaintiff was occupying his store, leased another store in the same building to the defendant. The latter's lease contained the clause: " To be used and occupied as a delicatessen store with the privilege of selling sandwiches, tea and coffee from a counter. No other foods, however, shall be sold to be eaten in the premises."

Upon the expiration of this lease defendant made a new lease of the same store and an additional one with a new owner, which had obtained title. This contained a provision that the leased premises were to be used as a delicatessen store to a stated date, which was the date of termination of plaintiff's lease, and thereafter also as a restaurant. The defendant had full knowledge of all provisions contained in the leases mentioned, and, notwithstanding, continually used the premises occupied by him as a restaurant, although notified by plaintiff that such use was in violation of plaintiff's rights. As a result of defendant's said use of the premises plaintiff sustained a loss in his business. The complaint demands a money judgment. Thus the question presented is whether plaintiff may maintain an action at law against the defendant, who is not in privity with him either by contract or estate, based upon the provision in plaintiff's lease made with a former owner.

A provision or covenant in a deed restricting the use of adjoining property owned by the grantor is a covenant running with the land and one that will pass to and be enforcible by the grantee of the covenantee. (*Barrow* v. *Richard*, 8 Paige Ch. 351.) When owners of adjacent properties enter into an agreement containing mutual covenants of a restrictive character, although there may be no privity of estate between those owners, the mutual covenants are effective to create what are termed mutual negative easements for

the benefit of the respective owners. (*Phœnix Ins. Co.* v. *Continental Ins. Co.*, 87 N. Y. 400; *Trustees of Columbia College* v. *Thacher*, Id. 311.) Such covenants, however, seem not to be enforced upon the theory that they run with the land, but upon the ground that the easement is binding upon one who takes with notice of it. These covenants are enforcible in equity irrespective of the existence of privity of estate or of whether such covenants run with the land. (*Trustees of Columbia College* v. *Lynch*, 70 N. Y. 440, 449, 450; *Hodge* v. *Sloan*, 107 id. 244, 250; *Lewis* v. *Gollner*, 129 id. 227.) These cases and others similar to them seem to show that no action at law lies, but only one in equity.

In the present case the covenant in the lease to plaintiff's assignor is a personal one. By it the then owner agreed not to let any other store in the building for a restaurant. The restriction is against the landlord's own act. There is no covenant that the landlord will not permit a restaurant to be maintained in any other store. The original landlord did not violate the covenant. Neither did either of the subsequent owners. In the leases to the defendant made by the subsequent owners there is the provision against the defendant using the premises as a restaurant until after the termination of the plaintiff's lease. The violation of the covenant, if any, is by the defendant alone; as already stated, no contractual relation existed between the plaintiff and the defendant. The covenant in plaintiff's lease is negative in character and does not relate to the land leased but to other property owned by the lessor and in which the lessee had no legal interest. True, the covenant did create a negative easement enforcible in equity against the defendant, who took the other property, with notice thereof, upon equitable grounds. But the lease conveyed no legal title or interest to plaintiff's assignor in the other property which would support an action at law. The covenant was effective to create a right enforcible upon equitable grounds, but it was personal to the lessor and did not run at law. (*Cole* v. *Hughes*, 54 N. Y. 444, 449; *Dexter* v. *Beard*, 130 id. 549, 557, 558; 18 Columbia Law Rev. 297, article entitled "Equitable Liability of Strangers.")

Plaintiff, however, asserts that the covenants in defendant's leases were made for his benefit and entitle him to sue on them at law. The complaint alleges that those covenants were so made, but no facts to support that conclusion are pleaded, and the covenants contained in the various leases are set forth and they seem to negative the claim. The benefits of a contract are presumed to have been intended to inure to the parties thereto, and not to a third person in the absence of a clear intent to that effect. If the respective grantees were chargeable with notice of the restrictive

covenant in plaintiff's lease, they were under an equitable duty to adhere to the terms of the covenant. If they failed so to do an equitable action against them would lie. The insertion, therefore, in defendant's leases of the provision that he should not conduct a restaurant was a recognition of their equitable obligation and was evidently inserted as a shield against a possible action for injunctive relief. The covenants restricting defendant's use of the premises were the equivalent of an express covenant on his part not to use the leased stores in violation of the restriction. (*Doherty* v. *Eckstein Brewing Co.*, 115 Misc. 175, 179.) A compliance by the defendant with these covenants would have been a benefit to the plaintiff in that he would not have had competition with defendant, but the purpose of the restriction was self-protection. The benefit to plaintiff was incidental and not the purpose of the covenants.

Under these circumstances no legal action is vested in plaintiff. The doctrine of *Lawrence* v. *Fox* (20 N. Y. 268) does not seem to have been extended to cover such a case. (*Seaver* v. *Ransom*, 224 N. Y. 233; *Bristol* v. *Woodward*, 251 id. 275.)

The complaint does not state a cause of action. Motion granted, with ten dollars costs.