(38 Misc. Rep. 284.)

## FOUT v. LUCAS et al.

(Supreme Court, Special Term, Fulton County.   June, 1902.)

1. DEED—BUILDING RESTRICTION—ADJOINING LANDOWNERS.

In an action by the owner of an adjoining lot against defendant to restrain him from erecting on his lot any structure other than "one dwelling house," an injunction pendente lite will be denied where there is no privity of contract between the parties, and defendant occupied his lot with a factory when plaintiff bought, and there is no evidence that the restrictions contained in defendant's deed, and relied on by plaintiff, were intended for his benefit, or that of his grantors, and there is no proof that the common source of title and his executors, empowered by him to sell, were, in selling with restrictions, carrying out a plan known to the parties, and under which they accepted title.

Action by John F. Fout against Edward J. Lucas and Martin Kennedy.   Application for injunction pendente lite.   Denied.

C. M. Parke, for the motion.

Fred Linus Carroll, opposed.

SPENCER, J.   This suit is brought by the plaintiff praying for an injunction restraining the defendants from erecting an addition to their glove factory on premises owned by them on State street, in the city of Johnstown, N. Y.   The parties are owners of adjoining lots, both parcels having formerly been owned by one John E. Wells.   The plaintiff claims that the defendants, under the terms of their deed, are restricted from erecting any building upon their lot, save one dwelling house, and that the addition now in process of erection by them is in violation of those terms.   The plaintiff, in order to maintain the action, must show privity of estate, or contract between himself and the defendants, or that the restrictions contained in defendants' deed were imposed for his benefit or the benefit of his grantors.   I can find no privity of estate or contract between the parties.   In 1873 Wells conveyed the premises owned by the plaintiff to one Hadcock, the deed containing the following:

"On conditions, however, that the said party of the second part will not build any buildings on said lot, or permit any buildings to be built thereon, within twenty-five feet of said State street, or build a house thereon in size less than twenty-two feet by thirty-two feet."

By several mesne conveyances, which do not refer to the above conditions, the property was conveyed to the plaintiff on the 27th day of March, 1897, and is still owned and occupied by him.   In 1894 the executrices of Wells, under a power contained in his will, conveyed the premises now owned by the defendants to the defendant Lucas, the deed containing the following:

"On condition that there shall be built on said premises but one dwelling house, which shall cost in erecting and completion of the superstructure not less than $2,500, on the condition that there shall not be created or maintained on said lot any nuisance at any time hereafter, and upon condition, however, that said party of the second part, his heirs or assigns, shall or will not erect or place, or cause to be erected or placed, any building, structure, or part of buildings or structures upon said lot and premises within twenty-five feet of the aforesaid street; and upon the further condition this conveyance is made that said party of the second part shall build no

77 N.Y.S.—54

house on said lot less than twenty-two feet wide and thirty-four feet long; and the said parties of the first part, as such executrices, do hereby covenant not to convey any other lot or lots on said street without this or similar clause and condition in the conveyance thereof."

Regarding both parties as grantees from Wells, there is no stipulation in the deeds of conveyance to which they may be regarded as mutual covenantors. The conditions in the deed of plaintiff's parcel are nothing more than personal obligations binding the grantee. They are not covenants running with the land, or creating negative easements available against the grantee or his assigns. Scott v. McMillan, 76 N. Y. 141. There is no covenant on the part of the grantor Wells restricting the use of the property subsequently conveyed to the defendants. An inspection of the defendants'· deed discloses no reference to the plaintiff or his grantors, or to the premises owned by him. To import into defendants' deed a provision for the benefit of plaintiff or for those who purchased lots from Wells during his lifetime, would be doing violence to the language employed, and confer upon the plaintiff a right which neither he nor his grantors stipulated for in their contract with Wells, and which no one was under any obligations to confer upon them. Nor do I find any warrant for a finding that the restrictions contained in defendants' deed were intended for the benefit of the plaintiff or his grantors, and that defendants had actual or constructive notice thereof. Society v. Brennan, 148 N. Y. 661, 672, 43 N. E. 173. There is nothing in the deeds from which any such intent may be inferred. The mere fact that the lots adjoin, and that the enforcement of the restrictions will operate to plaintiff's benefit, is insufficient. At the time defendants' deed was executed, the estate of Wells had no interest in plaintiff's lot, and was under no obligation, expressed or implied, to contract for its improvement or protection. It further appears that defendants' lot has long been occupied by a factory, either by the sufferance of or by the express consent of Wells' executrices and their grantors; and that it was so occupied when plaintiff purchased. Neither is there ground for the claim that Wells and his executrices, in conveying land on State street, were carrying out a uniform plan of restriction known to the parties, and under which they accepted title. Tallmadge v. Bank, 26 N. Y. 105; Barrow v. Richard, 8 Paige, 351, 35 Am. Dec. 713. The restrictions in the deeds to these parties are far from uniform. That to the plaintiff contains simply a personal obligation binding only upon the grantee, and in no respect obligating the grantor Wells, or restricting the use of the property owned by him. The deed to the defendant Lucas imposes restrictions creating a negative easement running with the land, together with a reciprocal covenant by the grantors to impose similar restrictions as to lots sold by them, but nothing as to lots sold by their testator. Evidence may be adduced on the trial, whereby the court, from the surrounding circumstances, may find as matter of fact that a general and uniform plan of restriction was being carried out by the executrices and their testator, and that the parties took title with knowledge thereof; but the facts before the court upon this motion are insufficient to support such a finding.

An injunction pendente lite should only be granted when the rights

of the plaintiff on the law and the facts are reasonably clear. From a careful examination of this case, I have come to the conclusion that the right of the plaintiff to maintain the cause of action set forth in the complaint does not appear sufficiently clear to justify the court in the exercise of its restraining power pending the trial of the action. Let an order be entered denying the motion, with costs to abide the event.

Motion denied, with costs to abide event.