CATHERINE HART, Respondent, *v.* THEODORE E. LYON, Appellant.

Where an owner of land builds a party wall under an agreement, under seal, between him and an adjoining owner, that when the latter shall use it he will pay one-half the value of the wall, the right to compensation is personal to the former, and does not pass by a conveyance of his land. *It seems,* however, that a right given by the contract to either of the parties, their heirs and assigns, to rebuild and repair the party wall is a covenant running with the land.

(Argued October 27, 1882; decided November 21, 1882.)

THIS action was brought to recover one-half of the value of a party wall under a contract executed under seal, acknowledged and recorded, between Mary Evans and the defendant, who were adjoining owners, which provided that the former should build the party wall one-half on her own land and one-half on the land of defendant, and that when the wall was used by the latter, his heirs or assigns, he would pay to the former " or her legal representatives" one-half of the value. After the wall was built the premises of Mary Evans were sold on foreclosure sale. Thereafter defendant built a house on his lot and used the party wall. Mary Evans assigned her claim to plaintiff.

Decided on the authority of the cases *Cole* v. *Hughes* (54 N. Y. 444; 13 Am. Rep. 611), *Scott* v. *McMillan* (76 N. Y. 141).

The contract, after the provision as to the building of the wall, contained this covenant, " And the said parties hereto do hereby mutually covenant and agree for and with themselves and their respective heirs and assigns that if it shall become necessary to repair or rebuild the whole or any part of said party wall the expense of such repairing or rebuilding shall be borne equally by the parties hereto, their respective heirs and assigns."

The court say: " It is evident it was the plain import of the instrument that the portion which bound the heirs and assigns should be construed as perpetual, and as a covenant running with the land, while the other, being personal, could not be so regarded."

*Walter S. Cowles* for appellant.

*William McDermott* for respondent.

MILLER, J., reads for affirmance.
All concur.
Judgment affirmed.