Brady, J.
This action was brought to enforce a contract in reference to a party wall between one Vanderbilt, and the husband of the defendant on her behalf and in reference to her property as alleged in the complaint. The agreement, though set out in the record, does not seem to form a part of the complaint.
It is alleged, in order to charge the defendant who is not a party to the agreement, that at the time it was made her husband was her agent and managing her property, and made and signed the agreement with her consent and direc *26 tion, and for her use and benefit. The wall which was provided for was erected by Vanderbilt, who subsequently conveyed the premises to the plaintiff, and assigned by the deed all his right, title and interest in the said agreement and party wall to the plaintiff.
It is insisted on behalf of the appellant, that the plaintiff by virtue of his deed acquired no right of action against her, as the covenant was one which did not run with the land, and she relies upon the case of Cole v. Hughes (54 N. Y., 446); Scott v. MacMillan (76 id., 141), and Hart v. Lyon (90 N. Y., 663), in all of which it seems to be decided that when the owner of land builds a party wall under an agreement under seal between him and the adjoining owner, providing that when the wall shall be used by him, he shall pay one-half of the value of the same, the right to compensation is personal to the former, and does not pass by the conveyance of his land. Assuming this to be the law, the plaintiff in this action is still entitled to recover, for the reason that the compensation being personal to the grantor, between whom and the defendant the agreement in reference to the party was made, there is an assignment of the same, and of all interest in the agreement as to the party wall and in the party wall itself.
That was sufficient upon the allegations of the complaint to carry any right of action which accrued to the former owner by reason of the use of the wall, which was constructed under the agreement 'mentioned.
There can be no question that such a claim as this is assignable, and therefore the rule resting upon the absence of privity of estate, and that the covenant does not run with the land, is not available. The allegations are sufficient to put the defendant to her answer on the proposition that the agreement was made with her assent, and by her directions, in her husband’s name, relating as it does to her separate estate.
For these reasons, we think the judgment appealed from must be affirmed.
Van Brunt, P. J., and Daniels, J., concur.