HENRY A. MOTT et al., Respondents, *v.* JACOB OPPENHEIMER et al., Appellants.

Where a covenant concerns land and is one which is capable of being annexed to the estate, and it appears by the instrument that such was the intention of the parties, it is to be construed as running with and charging the land.

Where a court in equity obtains jurisdiction for the purpose of an injunction and is in full possession of the merits it may, although the relief asked cannot properly be granted, retain the suit in order to do complete justice between the parties and administer such other equitable relief as the merits of the case justify.

P. and A., who were owners of adjacent lots, made an agreement in writing providing that either party, his heirs or assigns, might erect a party wall, one-half on each lot, the other party, his heirs or assigns to

have the right to use the same by paying to the party erecting said wall at the time the same shall be so used, one-half the value thereof, and the same shall forever remain as a party wall. It was stated in the agreement that it shall be construed "as covenants running with the land." The agreement was signed and acknowledged by A. only, and was recorded. P.'s grantee built upon his lot a house with a party wall, and plaintiffs subsequently acquired title to the premises through various conveyances, each of which was made subject to the party-wall agreement, S. became the owner of A.'s lot and commenced to build thereon, making use of the party wall; while building S. conveyed to defendants, making no reference to said agreement. In an action to restrain defendants from using said wall until payment to plaintiffs of one-half the value thereof, and for such further relief as might seem proper, the judgment directed payment to plaintiffs of the value of one-half the wall; charged defendants' premises with such payment, and directed that unless made they be sold to satisfy the judgment. *Held*, no error; that while the relief demanded was an injunction, with all the facts before it, it was proper for the court to administer further equitable relief and give to the agreement such legal effect as would accomplish exact justice between the parties; that whether the agreement was to be considered a common law obligation personally enforceable, or an instrument which impressed a lien upon the land, when it was availed of it was enforceable against the land.

Also *held*, the objection that the agreement appeared to have been executed by but one of the parties and, so, was invalid as lacking mutuality, was not tenable, as the proofs showed that the contract had been made and defendants, standing upon A's title, were not entitled to make the objection.

Also *held*, the objection that because the conveyance to defendants from S. contained no reference to the agreement they were not bound, was untenable, as the agreement was a charge upon the land, and if defendants did not have actual, they had constructive notice from the public records and so were bound.

Also *held*, that the agreement was, by reason of the expressed intention of the parties, a covenant running with the land, and its effect was to grant or to create an interest in the premises.

*Cole* v. *Hughes* (54 N. Y. 444); *Scott* v. *McMillan* (76 id. 144); distinguished.

(Argued June 10, 1892; decided October 4, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 26, 1891, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*George Fulder* for appellant. The plaintiffs were not entitled to an injunction restraining the defendants from using the wall erected upon defendants' premises. (*Bulcom* v. *Julian*, 22 How. Pr. 349; *Vincent* v. *King*, 13 id. 235; High on Inj. § 739; *Hobbe* v. *R. I. M. Co.*, 66 Barb. 592; *Krone* v. *K. Co. E. R. R. Co.*, 50 Hun, 431; *Estee* v. *Wilcox*, 67 N. Y. 264; *Adee* v. *Bigler*, 81 id. 349; *Kerr* v. *Dildine*, 6 N. Y. S. R. 163, 167; *Brocks* v. *Reilly*, 18 id. 179; *Savage* v. *Allen*, 54 N. Y. 458; *McHenry* v. *Jewett*, 90 id. 58; *Mayer* v. *Philips*, 97 id. 485; *Mulry* v. *Norton*, 100 id. 424.) The issues tried were not raised by the pleadings. (*Brantingham* v. *Brantingham*, 12 N. J. Eq. 160; *Bailey* v. *Rider*, 10 N. Y. 363; *Mudge* v. *Salisbury*, 110 id. 413; *Monk* v. *Harper*, 3 Edw. 109.). The covenants contained in the party-wall agreement are not covenants running with the land. (4 Kent's Comm. [7th ed.] 526; *Van Rensselaer* v. *Bonesteel*, 24 Barb. 365; *Bedell* v. *Kennedy*, 38 Hun, 510; *Cole* v. *Hughes*, 54 N. Y. 444; *Scott* v. *McMillan*, 76 id. 141.) The plaintiffs are not entitled to the relief granted, although the covenant should be determined to be a covenant running with the land. (*Cole* v. *Hughes*, 24 N. Y. 444, 449; *Scott* v. *McMillan*, 76 id. 144; *Hart* v. *Lyon*, 12 Wkly. Dig. 258; *Hart* v. *Lyon*, 15 id. 462; *King* v. *Whitely*, 10 Paige, 465; *Trotter* v. *Hughes*, 12 N. Y. 74; *Vrooman* v. *Turner*, 69 id. 280.)

*Clifford A. Hand* for respondent. The absence of Pinkney's signature to the party-wall agreement (or to the duplicate in plaintiff's possession) can in nowise affect the validity of the agreement as against Arkenburgh, by whom it was signed, nor as against the defendants, whose title is derived from Arkenburgh. (*Clason* v. *Bailey*, 14 Johns. 484; *Davis* v. *Shields*, 26 Wend. 362; *Worrall* v. *Munn*, 5 N. Y. 245; *Palmer* v. *Scott*, 1 R. & M. 394; *Justice* v. *Lang*, 42 N. Y.

493.)   If any lack of mutuality could be imputed to the agreement in the first instance, it ceased to be important when there was performance by the party who built the wall contemplated by the agreement. (*Miller* v. *McKenzie*, 95 N. Y. 475; *Todd* v. *Weber*, Id. 192; *Wyckoff* v. *De Graff*, 98 id. 138; *W. A. Co.* v. *Barlow*, 63 id. 62; *L'Ameraux* v. *Gould*, 7 id. 349.)   The remedy granted by the decree was within the power of a court of equity, and the case peculiarly called for exercise of the power. (*Guentzer* v. *Juch*, 51 Hun, 397; *C. College* v. *Lynch*, 70 N. Y. 440; *Curtis* v. *Ayrault*, 47 id. 73; *Henderson* v. *N. Y. C. R. R. Co.*, 78 id. 423; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 id. 123; *Sharp* v. *Chatham*, 88 Mo. 498.)   The covenants run with the land. (*Hendricks* v. *Stark*, 37 N. Y. 106; *Griswold* v. *Sawyer*, 125 id. 411; *Hart* v. *Lyon*, 90 id. 123; *Dexter* v. *Beard*, 130 id. 549; *King* v. *Wright*, 29 N. E. Rep. 644.)   But it is by no means necessary that this covenant be held to run with the land, to sustain the recovery below. (*Hodge* v. *Sloan*, 107 N. Y. 244.)

GRAY, J.   In 1876, an agreement was entered into between Pinkney and Arkenburgh, who were owners of adjacent lots of land upon 59th street, in the city of New York, whereby it was provided that either party, his heirs and assigns, might erect a certain description of party wall, the center line of which should coincide with the dividing line of their lots. That agreement contained this clause, that "The other party, his heirs or assigns, shall have the right to use said wall or walls or extensions by paying therefor at the time the same shall so be used one-half of the then value of the part or portion of said wall or extension so used to the party who may have erected said wall or walls, extension or extensions, his heirs or assigns, and that the same shall forever remain as party walls."   And the final provision was that this agreement " shall be construed as covenants running with the land."

The agreement in plaintiffs' possession, which was offered upon the trial, bore only the signature of Arkenburgh and his acknowledgment in 1876.   It was recorded in 1877.   Pink-

ney's grantee built upon the land a house, with the party wall as contemplated by the agreement, and the plaintiffs subsequently acquired the premises so improved. Through various mesne conveyances, each of which, with an unimportant exception, was made subject to the party-wall agreement, Arkenburgh's lot came into the ownership of one Stein, who began to build upon the land and made use of the party wall. While in the course of building, Stein conveyed to the defendant, Jacob Oppenheimer, but made no reference in the deed to the party-wall agreement. Thereafter, and during a few months, conveyances of the same property were made to and fro between Oppenheimer and his grantor, Stein; the reason for which is not apparent from this record.

This action was brought in equity to restrain defendants from using the party wall, except after paying to the plaintiffs one-half its value "and for such other and further relief" as to the court should seem just in the premises. The court found that the plaintiffs were entitled to be paid the value of one-half of the wall and that the defendants' premises were charged with the payment, and it was decreed that unless the payment was made within a fixed time, the premises should be sold to satisfy the obligation to plaintiffs.

The judgment recovered by the plaintiffs was affirmed at the General Term and the defendants appealed to this court.

The appellants advance several grounds in support of their appeal from the judgment. They argue that it was not competent for the court to grant this relief, inasmuch as the issue tendered by the pleadings was the plaintiffs' right to an injunction. I think, however, that with all the facts before the court upon a demand for its equitable intervention, it had jurisdiction to administer such equitable remedies as the merits of the case justified.

It was a most familiar principle of chancery procedure that where the court in equity obtained jurisdiction for the purpose of injunction and was in full possession of the merits, it would retain the suit in order to do complete justice between the parties, and that principle seems quite applicable here.

It became clear that relief by way of injunction was not proper to be granted with such an agreement as the basis for any intervention by the court; but it was equally clear that if the agreement was valid and constituted a charge upon the defendants' premises, its obligation might be enforced in equity in this particular way. Either the agreement was a common-law obligation, personally enforceable by ordinary action; or it was an instrument which impressed with a lien the lands affected. In either case, the right to use the wall was absolutely granted and the obligation to pay the value of the one-half upon the premises adjacent to those of the builder of the wall, when it was availed of, if not personally assumed by the adjacent property owner, was enforceable against his land.

It could not be error, and it was not inequitable, for the court to give to the agreement a proper and legal effect, and one which would accomplish exact justice between the parties.

This ground of appeal, therefore, need not embarrass us in upholding the judgment below.

Then I think the objection that the agreement appears to have been executed by but one of the parties to it, and, therefore, is invalid, as lacking mutuality, is without force.

The instrument which the plaintiffs produced on the trial in support of their case, though reciting its making by both parties and their desire to authorize either to erect a party wall, was signed by Arkenburgh, the defendants' predecessor in the title. We may suppose that the agreement was interchangeably executed and delivered; but, whether the supposition be warranted or not, the proof of a contract between Arkenburgh and Pinkney did not fail. The question is whether the plaintiffs had proved their case by making out an agreement between their and the defendants' predecessors in interest for the erection of a wall, partly on the land of each, and not whether for the plaintiffs' inability to show an actual execution by their predecessor of the instrument evidencing the agreement, they should be precluded from any recovery.

I think the proofs supply any such alleged defect in the case. The wall called for by the agreement was erected by

plaintiffs' predecessor in title and there was thus a performance, which only the executed contract could have authorized. It was acquiesced in and in the chain of defendants' title the conveyances were made subject to the agreement. There was, therefore, in the existence of such facts, a sufficient proof of the execution of this agreement. I do not think it lies in the defendants' mouths, as the parties sought to be charged with this agreement and standing upon Arkenburgh's title, to make the objection.

Another objection is that the defendants are not bound by this agreement, inasmuch as there was no reference to it in the conveyance to them. I think the objection is utterly without merits.

Their grantor, Stein, took subject to the agreement and commenced to erect a house, using the wall for the purpose. The respective rights and obligations of the parties became fixed then. If the agreement constituted a charge upon the defendants' lands, I think it quite immaterial whether the conveyance of the title to them expressed their subjection to the agreement or not. The fact could not be changed and the plaintiffs could not be deprived of any rights, which they may have derived through such an agreement, by an omission in the deed to the adjacent owner, and of this agreement the defendants had constructive notice from its public record, if they did not have actual notice. The defendants took the land and the building in the course of erection upon it by Stein, subject to a lien for the payment of half the value of the party wall.

But, and this seems the more important question in the case, the appellants insist that the covenants in the party-wall agreement were not covenants which ran with the land; for the reasons that no interest in the land was granted and that there was no privity of estate between Pinkney and Arkenburgh.

If this agreement was the ordinary one between adjoining land owners for the erection and use of a party wall on their lands, such as it was in the cases of *Cole* v. *Hughes* (54 N. Y.

444) and *Scott* v. *McMillan* (76 id. 144), I think we should have to agree with the appellants' argument. But this agreement is dissimilar, in the respect that it was expressly agreed that the covenants of the agreement should run with the land. In *Cole* v. *Hughes*, upon the authority of which *Scott* v. *McMillan* was decided, it was held of the agreement there that it created a mere privity of contract and not of estate, and did not impose a burden upon the land, merely because the agreement had relation to land. Both of the cases referred to were actions at law for the recovery of the value of one-half the wall, and they failed, for the reason that the grantees of premises, whose former owner had covenanted for himself, his heirs and assigns, were not liable upon the covenant. We do not interfere, in the least degree, with the well settled doctrine of these cases, if we give to the present contract a construction which imposed the burden of its covenants upon the land it concerned.

The question whether a contract having relation to lands is personal, or whether it constitutes a charge upon the lands, obviously, must be determined by a consideration of the expressed intentions of the parties and of the existence of any interest in the land raised by force of its covenants. Words of grant are not essential to create the interest, and a covenant may be construed as a grant. Such a construction has been given where the covenant related to a right of way over land. (*Holms* v. *Seller*, 3 Lev. 305.)

In *Hart* v. *Lyon* (90 N. Y. 663) the contract for the party wall was held unenforceable against a purchaser at a sale in foreclosure, for being merely a personal obligation; but the covenant that the expense of repairing, or rebuilding, the party wall should be borne equally by the parties, "their respective heirs and assigns," was regarded as a covenant running with the land. The court so held in that case, because, as they say, "it is evident that it was the plain import of the instrument that the portion which bound the heirs and assigns should be construed as perpetual and as running with the land." Without any other reference to or discussion of the

many cases which bear upon the subject of the nature of the obligation of a contract, in its connection with land, I think we may rest upon the rule that where the covenant concerns land, and is one which is capable of being annexed to the estate, and it appears that it is the intention of the parties as expressed in the instrument, then it shall be construed as running with and charging the land thereafter.

In the present case such an intention is evident from the express provisions of the agreement, and I think the effect of the contract clearly was to grant, or to create, an interest in the premises described. I see no ground for sustaining this appeal, and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.