## FROHMAN v. DICKINSON.

(Superior Court of New York City, General Term. January 7, 1895.)

PARTY WALLS—COMPENSATION FOR CONSTRUCTION.

An agreement between plaintiff and defendant's testator that plaintiff should erect a party wall on the line between their lots, and that testator should have the right to use it at any time on paying plaintiff one-half of the cost, is personal to both parties, and plaintiff is entitled to recover the amount agreed to be paid by testator, though the party wall was first used by defendant's grantee, and though plaintiff had also conveyed his lot to the same grantee.

Action by Marie H. Frohman against Charles Dickinson, as executor of William W. Jones, deceased. Plaintiff moves for judgment on a verdict directed in her favor, subject to the opinion of the court at general term. Granted.

Argued before McADAM and GILDERSLEEVE, JJ.

L. Skidmore, for plaintiff.

Stimson & Williams, for defendant.

McADAM, J. On September 18, 1890, the plaintiff was the owner of the house and lot No. 49 West Twenty-Eighth street, in the city of New York, and defendant's testator, William W. Jones, owned the house and lot adjoining on the west, No. 51 West Twenty-Eighth street. On that day the plaintiff and Jones made a written agreement, reciting that both parties desired the erection of a party wall on the rear of the dividing line between said lots, that the said wall

should be erected by the plaintiff at her own expense; and that said Jones "shall have the right to use said wall at any time in the future," by then paying plaintiff one-half of the cost, fixed at $250. Plaintiff at once proceeded to build on said line a brick wall, of which one-half stood upon each lot. Jones died, June 11, 1891, having never exercised the right to use said wall conferred by the agreement. By his will he appointed the defendant his executor, with power to sell said house and lot. On April 16, 1892, the plaintiff sold her house and lot to Charles B. W. Savage. On the following May 9th the defendant, as executor of Jones, sold the house and lot No 51 West Twenty-Eighth street to said Savage, who thus became the owner in fee of both properties. Subsequently Savage built a one-story extension building on the rear of lot No. 51, and the erection of this extension by him is claimed by the plaintiff to constitute such a user of the wall as to impose a liability on the estate of Jones, under the agreement, for the $250 aforesaid. The contract to pay for the party wall, which was erected one-half upon the land of each of the parties, was personal to the plaintiff as the builder of the wall, and the right to receive the promised reward did not pass to the plaintiff's grantee. Cole v. Hughes, 54 N. Y. 444; Scott v. McMillan, 76 N. Y. 141; Hart v. Lyon, 90 N. Y. 663. The contract to pay for the wall when used by Jones was also personal to him, and was not discharged by the conveyance of the property by his executor, nor by the fact that his grantee, and not the defendant in person, used the wall. The right to use the wall was inherent in and attached to the land which the defendant conveyed. It was appurtenant to it, and passed with the land to the grantee. The half of the wall for which compensation is claimed stood on the land which the defendant conveyed, and the defendant's grantee could not be prevented from using it. The conveyance made by the defendant in legal effect gave the grantee the right to use the wall, and the use of it by the grantee was therefore a use by the defendant's authority, and, within the contemplation of the agreement, a use by the defendant himself. Squier v. Townshend, 2 City Ct. R. 142; Squires v. Pinkney, 13 N. Y. St. Rep. 749; Scott v. McMillan (City Ct. N. Y.) 4 N. Y. Supp. 434 The defendant urges that after Savage became the owner in fee of both lots the wall ceased to be a party wall, and that his right to deal with it did not depend upon and was not derived from the agreement; that he might have destroyed the wall, and rebuilt one either upon the same line or any other portion of the united premises; and that, in that event, he would not have become liable under the agreement. We are not called upon to consider what might have been the liability of the parties if the wall had not been used as contemplated by the agreement, but are to decide the liability of the parties growing out of the use actually made; and, such use being that for which $250 was to be paid, the right to that sum became immediately vested in the plaintiff. The plaintiff never had title to the property of the defendant, and she had nothing to do with his conveyance to Savage. It must be evident, therefore, that the defendant could not discharge himself from a personal obligation to pay by a mere convey-

ance of his property to another, or upon any argument founded upon legal complications growing out of the transfer. The use of the wall by the defendant, within the meaning of the covenant to pay, was clearly established at the trial, and the direction to find for the plaintiff was right. It follows, therefore, that the plaintiff's motion for judgment upon the verdict (Code, § 1234) must be granted, with costs. All concur.