## SEBALD v. MULHOLLAND.

(Superior Court of New York City, General Term. January 7, 1895.)

1. PARTY WALLS—ENFORCEMENT BY GRANTEE.

An agreement for a party wall to be built by one party, half the cost to be repaid to him by the other party whenever he should desire to use it, is personal, and such payment cannot be enforced by a grantee of the party who built the wall, though the agreement also provided that it should be construed as a covenant running with the land. 26 N. Y. Supp. 913, affirmed.

2. EQUITY—LACHES.

Equity will not compel the removal of an extension of a party wall on the ground that it is a use not contemplated by the party-wall agreement,

where plaintiff has made no objection until the extension was completed, but in such case he will be left to his remedy at law. 26 N. Y. Supp. 913, affirmed.

Appeal from equity term.

Action by Barbara Sebald against James Mulholland to recover compensation for the use of a portion of a party wall standing on the lots of both parties, and to enjoin the maintenance of an extension of the wall, or, in the alternative, to recover damages for such maintenance. The complaint was dismissed on the merits, and a counterclaim set up by defendant was denied (26 N. Y. Supp. 913), and both parties appeal. Affirmed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Kurzman & Frankenheimer (John Frankenheimer, of counsel), for plaintiff.

Edward W. Sheldon (Samuel H. Benton, of counsel), for defendant.

PER CURIAM. The questions presented by the cross appeals in this case are important, and have received the most thorough examination, but upon a consideration of all the circumstances we have concluded to content ourselves with the following brief statement, viz.: The learned judge who tried this cause has filed a very learned and exhaustive opinion. The reasons assigned by him for disallowing plaintiff's second cause of action meet with our most cordial approval. The counterclaim interposed by the defendant was also correctly disposed of. As to plaintiff's first cause of action, it is not absolutely certain whether the correct rule was adopted. The question presented by this branch of the case is whether a certain agreement between predecessors in title for the erection and use of a party wall is to be construed as a covenant running with the land so as to be enforceable between the parties to this action. This is to be determined upon all the circumstances attending and surrounding the execution and delivery of the agreement in connection with the language of the agreement. Upon these matters the plaintiff invokes the rule laid down in Mott v. Oppenheimer, 135 N. Y. 312, 31 N. E. 1097, while the defendant claims that the case at bar is to be distinguished, and is to be controlled by the rule laid down in Cole v. Hughes, 54 N. Y. 444, and reaffirmed in Hart v. Lyon, 90 N. Y. 663. The trial judge, upon a review of the authorities, and after giving his reasons at length, which, although somewhat artificial, seem to be supported by the weight of authority, sustained defendant's contention. The question is a very close one, and one which can only be set at rest by the court of appeals. The case, as it stands, is in the best possible shape to be taken to that court at once. For the reasons stated, we deem it best to approve also the disposition which was made of the first cause of action. Upon both appeals the judgment should be affirmed upon the opinion of the learned judge below, but without costs to either party upon the appeal.