BARBARA SEBALD, Plaintiff, *v.* JAMES MULHOLLAND,
Defendant.

CROSS-APPEALS from a judgment entered upon the decision of a judgment after the trial of the issues.

The judgment dismissed plaintiff's complaint upon the merits and dismissed defendant's counterclaim without costs to either party. Both parties appealed. For opinion of the Equity Term, see 6 Misc. Rep. 349.

*John Frankenheimer*, for plaintiff.

*Edward W. Sheldon*, for defendant.

*Per Curiam.* The questions presented by the cross-appeals in this case are important and have received the most thorough examination, but, upon a consideration of all the circumstances, we have concluded to content ourselves with the following brief statement, viz. :

The learned judge who tried the cause has filed a very learned and exhaustive opinion. The reasons assigned by him for disallowing plaintiff's second cause of action meet with our most cordial approval. The counterclaim interposed by the defendant was also correctly disposed of.

As to plaintiff's first cause of action, it is not absolutely certain whether the correct rule was adopted. The question presented by this branch of the case is whether a certain agreement between predecessors in title for the erection and use of a party wall is to be construed as a covenant running with the land so as to be enforcible between the parties to this action. This is to be determined upon all the circum-

stances attending and surrounding the execution and delivery of the agreement in connection with the language of the agreement. Upon these matters the plaintiff invokes the rule laid down in *Mott* v. *Oppenheimer*, 135 N. Y. 312, while the defendant claims that the case at bar is to be distinguished and is to be controlled by the rule laid down in *Cole* v. *Hughes*, 54 N. Y. 444, and reaffirmed in *Hart* v. *Lyon*, 90 id. 663. The trial judge, upon a review of the authorities, and after giving his reasons at length, which, although somewhat artificial, seem to be supported by the weight of authority, sustained defendant's contention.

The question is a very close one and one which can only be set at rest by the Court of Appeals. The case as it stands is in the best possible shape to be taken to that court at once. For the reasons stated we deem it best to approve also the disposition which was made of the first cause of action.

Upon both appeals the judgment should be affirmed upon the opinion of the learned judge below, but without costs to either party upon the appeal.

Present : FREEDMAN and GILDERSLEEVE, JJ.
Judgment affirmed, without costs.