JAMES C. CRAWFORD, Appellant, v. HENRY KROLLPFEIFFER, Respondent.

Party wall contract — when covenant does not run with the land.

Where an owner of land builds a party wall, under an agreement with his adjoining landowner that, when he or his assigns shall use it, he or they will pay the value of the party wall, the covenant of payment does not run with the land.

Authorities collated and considered and distinction pointed out as between personal contracts relative to party walls and covenants with reference thereto running with the land.

Crawford v. Krollpfeiffer, 122 App. Div. 848, affirmed.

(Argued March 30, 1909; decided April 6, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 22, 1908, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The plaintiff and Francis Crawford were owners of adjoining parcels of land and, on February 28th, 1899, entered into an agreement in writing, plaintiff being party of the first part, and Francis Crawford being party of the second part, which was duly recorded in the office of the register of the county of New York; in and by which it was provided that the plaintiff should forthwith construct a party wall, the center line of which should be the line between the two lots. It was, further, provided that the entire cost of constructing the

wall should be borne by the plaintiff, or his assigns, and that "the said party of the second part hereto, or his assigns, shall be at liberty at any time hereafter to use the said wall for all the purposes of a party wall for any house, which he, or his assigns, may erect on said land owned by the said party of the second part, upon payment by the said party of the second part, or his assigns, to the said party of the first part, his legal representatives or assigns, the sum of five hundred dollars in cash, such payment to be made when the wall is used." It was, further, provided that, should it become necessary to repair, or to rebuild, the wall after the same should be used by the party of the second part, or his assigns, the cost thereof should be borne equally by the parties, or their representatives, heirs, executors, administrators or assigns. The final clause of the agreement was as follows: "Fifth. That this agreement shall be binding on and enure to the benefit of the heirs, executors, administrators and assigns of the respective parties hereto, and shall be construed as a covenant running with the land," etc. The plaintiff built the wall contemplated, in connection with the construction of his building. Francis Crawford died seized of the premises adjoining and his executors conveyed them to another, subject to the party wall agreement; who built upon the same, using the wall. The grantee of the executors conveyed the premises, so built upon, to the defendant, subject to the party wall agreement. This action was brought to enforce a lien for the amount due under the agreement for the use of the party wall. The complaint was dismissed upon the merits, at the Special Term, and the judgment recovered by the defendant was affirmed by the Appellate Division in the first department. The plaintiff further appeals to this court.

*Joseph Fettretch* for appellant. The agreement between the plaintiff and Francis Crawford not only imposed a personal obligation on him, but also imposed a liability upon the land of the said Francis Crawford, and bound the said land for the payment for the wall not only when it was used, and

by whomsoever used, but in the possession of any grantee after such use. (*Guentzer* v. *Juch*, 51 Hun, 397; *Mott* v. *Oppenheimer*, 135 N. Y. 312; *Morris* v. *Burr*, 59 Misc. Rep. 259; see opinion in *Brown* v. *McKee*, 2 City Ct. Rep. 325.) The covenants in the agreement in the case at bar are covenants running with the land, and whether any personal obligation for compensation can be enforced against the present owner of the land affected in no way bars the right of the plaintiff to have the compensation agreed to be paid under the agreement impressed as a lien upon the land of the defendant, and the said land sold for the purpose of procuring the payment of such compensation. (*Mott* v. *Oppenheimer*, 135 N. Y. 312.)

*Harold Swain* for respondent. Where two parties agree that one of them, naming him, shall build a wall, partly on the land of each, and that the other party, or his assigns, may use the wall upon payment of a designated sum, to be paid when the wall is used, the agreement is merely a personal one, and does not run with the land even if the parties agree that it shall. (*Cole* v. *Hughes*, 54 N. Y. 444; *Scott* v. *McMillan*, 76 N. Y. 141; *Hart* v. *Lyon*, 90 N. Y. 663; *Sebald* v. *Mulholland*, 155 N. Y. 455.) The agreement of Francis Crawford to pay for the wall did not bind his subsequent grantees. (*Cole* v. *Hughes*, 54 N. Y. 444; *Sebald* v. *Mulholland*, 155 N. Y. 455; *Mott* v. *Oppenheimer*, 135 N. Y. 312.)

GRAY, J. The Appellate Division, in affirming the judgment for the defendant, based its determination upon the ground that the covenant in the party-wall agreement did not run with the land, within the authority of certain decisions of this court; inasmuch as it did not create any privity of estate. This distinction was pointed out that "where the agreement does not contemplate the present construction of a party wall, but authorizes its construction by either party in the future, the rule is different and the covenant is said to create a privity of estate and to run with the land." We think that this dis-

tinction is one, which has been established by our decisions, and that a rule of property has thereby been created, which should not be departed from. (See *Mott* v. *Oppenheimer*, 135 N. Y. 312, and *Sebald* v. *Mulholland*, 155 ib. 455.)

Prior to the decision in *Mott* v. *Oppenheimer*, the rule had become firmly settled that, where an owner of land builds a party wall, under an agreement with his adjoining landowner that, when he or his assigns shall use it, he or they should pay the value of the party wall, the covenant of payment was not one which ran with the land. (See *Cole* v. *Hughes*, 54 N. Y. 444; *Scott* v. *McMillan*, 76 ib. 141; *Hart* v. *Lyon*, 90 ib. 663.) In the case of *Cole* v. *Hughes*, upon which were rested the decisions in *Scott* v. *McMillan* and in *Hart* v. *Lyon*, it was held, in substance, that the party-wall agreement, which was entered into for the purpose of permitting one of the parties to erect the wall, created no privity of estate between the contracting parties, but, merely, a privity of contract; leaving the burden, or liability, of payment with the original covenantor. Those cases were actions at law to recover one-half of the value of the party wall against subsequent adjoining owners, upon their using the wall, in which the plaintiffs failed to recover. In the last one, of *Hart* v. *Lyon*, the covenant for payment was accompanied, in the agreement, by a further covenant that the expense of repairing, or of rebuilding, the party wall should be borne equally by the parties, their heirs and assigns. This gave occasion to the court to hold that the latter covenant " should be construed as perpetual and as a covenant running with the land, while the other, being personal, could not be so regarded ;" thus, plainly intimating that there was a distinction to be observed, where the covenant was prospective in imposing a burden upon the land in the hands of its future owner. When the case of *Mott* v. *Oppenheimer* was decided, the rule of the cases referred to was not sought to be disturbed and the decision proceeded upon the difference in the situation and in the agreement of the parties. There, neither of the parties to the agreement, apparently, was about to build and they made

it with reference to the future. They were adjoining owners of unimproved lots and through the agreement obtained the necessary authority for the construction of a party wall thereafter, by either, or by the successors in interest of either, and for the use of the same by the then adjoining owner upon his paying one-half of the then value of the portion used. Subsequently, and when the lands had come into other ownerships, such a party wall was built and the plaintiff, who had acquired the premises so improved, brought the action against the adjoining landowner and was given a lien upon the defendant's premises for the value of one-half of the wall. It was held that the covenant of the parties to the agreement was not personal, and that it concerned the land and became annexed to the estate. "The effect of the contract," it was said, " clearly was to grant, or to create, an interest in the premises described." Later, in the case of *Sebald* v. *Mulholland*, (155 N. Y. 455, 464), the case of *Mott* v. *Oppenheimer* was considered and, adverting to the fact that it was not proposed, in its decision, to change the rule of the earlier cases, it was held that it was distinguishable in its facts. That distinction was pointed out as being in this; that " the provisions of the agreement in that case related to the future use of the property, and there was no intention to provide for any present or existing situation ; " that it was " made with the view that such a contract would be beneficial to the land of both parties and would bind it when the conditions contemplated should subsequently arise. * * * But in the other cases, * * * as well as in the case at bar, the agreement was in effect a personal covenant between the parties." The agreement in *Sebald* v. *Mulholland* was made between one, who was " about to erect a building upon his lot" and another, owning the adjoining land, who agreed for himself and " his personal representatives," whenever he, or they, might desire to use the wall, to pay the due proportionate expense of its construction. The agreement differed from that in *Mott* v. *Oppenheimer*, not only in the respect dwelt upon in the opinion, but, also, in the fact that the covenant of payment was made by the adjoining lot owner for himself and " *his per-*

*sonal representatives.*" Though I had written the opinion for the court in *Mott* v. *Oppenheimer*, I expressed myself as concurring with Judge MARTIN, who wrote in *Sebald* v. *Mulholland*, upon the ground that the contract then in question required a different construction from that in *Mott* v. *Oppenheimer*. It was different in the respects noted. The result of this last decision was to establish a test, by which it should be ascertained when the covenant in a party-wall agreement ran with the land. The Appellate Division justices have correctly pronounced upon the rule, as it was left by the decisions mentioned, and, as I have said, it being a rule of property, it should stand.

The judgment appealed from should be affirmed.

CULLEN, Ch. J., EDWARD T. BARTLETT, VANN, WILLARD BARTLETT and CHASE, JJ., concur; HAIGHT, J., not voting.

Judgment affirmed, with costs.