JAMES P. LOGAN and Others, Copartners Doing Business under the Firm Name of J. P. LOGAN & SONS, Respondents, *v.* UNITED INTERESTS, INC., Appellant.

First Department, December 15, 1922.

**Landlord and tenant — action to recover rent of party wall — defendant's predecessor agreed to pay rent — defendant did not assume obligation — action cannot be maintained on agreement — covenant to pay money does not run with land.**

An action cannot be maintained against an owner of real property on an agreement entered into by his predecessor in title to pay rent for the use of a party wall where the owner has not assumed the obligations of that agreement.

A covenant to pay moneys creates a mere privity of contract and not of estate and does not run with the land so as to bind those who are not parties to it.

APPEAL by the defendant, United Interests, Inc., from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 12th day of April, 1922, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, in favor of the plaintiffs, entered in the office of the clerk of said court on the 9th day of December, 1921.

*Niebrugge & Maxfield* [*Berton L. Maxfield* of counsel; *William P. Niebrugge* with him on the brief], for the appellant.

*Edward S. Clinch* [*Charles S. Fettretch* of counsel], for the respondents.

FINCH, J.:

Plaintiff sues to recover an amount claimed to be due as rent under the terms of a written contract. It appears that at the time said contract was made, plaintiffs' predecessors in title were the owners of No. 6 Greene street and defendant's predecessors in title were the owners of No. 8 Greene street. In the front between the two buildings was a party wall with an extension of the same to the rear, which extension was an independent wall built wholly on the land of No. 6 Greene street. The then owners of No. 8 Greene street were about to erect a building on their lot and agreed for themselves, their heirs and devisees, with the then owners of No. 6 Greene street that the said independent wall of No. 6 Greene street was to become " as and for the party wall between the two buildings erected and to be erected for so long a time as the building No. 8 Greene Street shall stand and require the use of the same as and for its southerly wall," and agreed to

pay to the owner of No. 6 Greene street the sum of $163 on February first and August first of each year.   There have been many conveyances of the premises known as No. 6 Greene street and in every conveyance of the said premises there has been a clause in the deed in which it is expressly stated that the conveyance is made subject to the aforesaid agreement.   On September 23, 1919, No. 8 Greene street was conveyed to the W. L. S. Realty Corporation and on January 30, 1920, the W. L. S. Realty Corporation conveyed the same to the defendant and in this deed no mention was made of the agreement herein.   Neither the W. L. S. Realty Corporation nor this defendant has ever paid any sums called for by the agreement.   It is clear that the plaintiff cannot recover a judgment *in personam* against the defendant on a contract to which the defendant was not a party and which it has not assumed and by the terms of which, therefore, it is not bound.   A covenant to pay moneys creates a mere privity of contract and not of estate and does not run with the land so as to bind those not a party to it.   (*Crawford* v. *Krollpfeiffer*, 195 N. Y. 185; *Sebald* v. *Mulholland*, 155 id. 455; *Cole* v. *Hughes*, 54 id. 444; *Scott* v. *McMillan*, 76 id. 144.)   *Mott* v. *Oppenheimer* (135 N. Y. 312), relied upon by the respondent, is shown by the opinion of the court in *Sebald* v. *Mulholland* (*supra*) not to be applicable to the pending case.

If the plaintiff were suing for the reasonable value of the use and occupation of its wall in so far as the same had been occupied and not been paid for, a different question would be presented. So, too, if the plaintiff were seeking to prevent the further use of the wall without compliance with the condition, as in *Mott* v. *Oppenheimer* (*supra*), or if the defendant were seeking to protect its right to use the wall, but in the case at bar, as noted, plaintiff is suing to recover rent upon the written agreement, and hence for the reasons given cannot succeed.

It follows that the determination of the Appellate Term and the judgment of the Municipal Court should be reversed and the complaint dismissed, with costs in all courts to the appellant.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Determination appealed from and judgment of the Municipal Court reversed and complaint dismissed, with costs in all courts to the appellant.