Matthew J. Jasen, J.
This is an action by plaintiffs for judgment enjoining and restraining defendants, owners of improved realty known as 55 Parkledge Drive, Town of Amherst, New York, from using and occupying said premises as a dancing school, or for any other purpose except for residential use. The proof with respect to this matter ivas heard in Part V on December 8 and 9, 1960.
The plaintiffs and defendants are owners of property in a certain subdivision in the Town of Amherst, New York, known as Burroughs Terrace; defendants’ property is known as 55 Parkledge Drive or subdivision lot No. 30; plaintiffs Wilder occupy 47 Parkledge Drive or subdivision lot No. 29; plaintiffs Lettman occupy 63 Parkledge Drive or subdivision lot No. 31; the properties of Wilder and Lettman are contiguous to defendants’ premises on either side; plaintiffs Eppolito occupy premises 120 Parkledge Drive or subdivision lot No. 10, being 500 feet north of the defendants’ premises.
The proof of the parties sets forth the following facts:
I. By deed recorded July 3, 1956 in the Erie County Clerk’s office, in Liber 6016 of Deeds at page 411, four corporations: Wagen, Inc., Genwood, Inc., Northledge, Inc., and Amherst Developing Co., Inc., purchased a tract of land, included in which was the property presently owned by the parties to this action, from the Park School.
II. By deed recorded January 15, 1958 in the Erie County Clerk’s office, in Liber 6261 of Deeds at page 328, the aforesaid Wagen, Inc., Genwood, Inc., Northledge, Inc., and Amherst Developing Co., Inc., conveyed to said Northledge, Inc., subdivi *44 sion lots 33 to 48 in the above tract of land. The following provision was contained in said deed:
“It is further agreed between the parties hereto that the premises conveyed hereby and above described, together with subdivision lot numbers 1-32 and 49-53 * * * shall be and are hereby made subject to the following restrictions which shall be deemed to be and shall be covenants running with the land until the first day of January, 1983 and shall be binding upon the parties hereto, their successors and assigns until the first day of January 1983.
1. “ * * * on all lots or parts thereof, no structure shall be erected, altered, placed or permitted except for residential use or a use pertaining to such residential use.”
2, 3, 4, 5, 6 and 7 contain miscellaneous provisions not in issue.
III. By deed recorded February 4, 1958 in the Erie County Clerk’s office, in Liber 6267 of Deeds at page 317, the four corporations, Wagen, Genwood, Northledge and Amherst sold to Amherst Developing Co., Inc., subdivision lots 1-16. In this deed the following provision was set forth: “ This conveyance is made and accepted subject to all reservations, conditions, covenants and easements of record affecting these premises.”
IV. By deed recorded March 28, 1958 in the Erie County Clerk’s office in Liber 6281 of Deeds at page 437, the four corporations, Wagen, Genwood, Northledge and Amherst sold to Genwood, subdivision lots 17-32. In this deed the following provision was set forth: * ‘ This conveyance is made and accepted subject to all utility easements, rights of ways, reservations, restrictions, conditions and covenants of record affecting these premises.”
V. Burroughs Realty Corporation made the following realty transactions:
A. Purchased above subdivision. lot No. 30 from Genwood, Inc., as recorded in Erie County Clerk’s office in Liber 6326 of Deeds at page 325, August 15,1958.
Sold said subdivision lot No. 30 to defendants as recorded in Erie County Clerk’s office in Liber 6352 of Deeds at page 135, October 22, 1958.
Both deeds contained this provision: ‘ ‘ This conveyance is made and accepted subject to all utility easements, rights of way, reservations, restrictions, conditions and covenants of record affecting these premises.”
B. Purchased above subdivision lot No. 29 from Genwood, Inc., as recorded in Erie County Clerk’s office in Liber 6326 of Deeds at page 325, August 15, 1958.
*45 Sold said subdivision lot No. 29 to plaintiffs Wilder as recorded in Erie County Clerk’s office in Liber 6403 of Deeds at page 64, March 17,1959.
Both deeds contained identical provision as set forth above.
C. Purchased above subdivision lot No. 31 from Genwood, Inc., as recorded in Erie County Clerk’s office in Liber 6293 of Deeds at page 42, May 27,1958.
Sold said subdivision lot No. 31 to plaintiffs Lettman as recorded in Erie County Clerk’s office in Liber 6322 at page 403, August 5,1958.
Both deeds contained identical provision as set forth above.
D. Purchased above subdivision lot No. 10 from Amherst Developing Co., Inc., as recorded in Erie County Clerk’s office in Liber 6410 of Deeds at page 125, April 9, 1959.
Sold said subdivision lot No. 10 to plaintiffs Eppolito as recorded in Erie County Clerk’s office in Liber 6443 of Deeds at page 413, July 14, 1959.
Both deeds contained identical provision as set forth above.
It is conceded that the defendants are using part of their improved realty as a dancing studio. Plaintiffs maintain that such use is to their detriment and that it violates the alleged covenant running with the land. Accordingly, the plaintiffs seek an injunction.
Two questions confront the court. First, whether a recorded instrument (Liber 6261 of Deeds at page 328) made by co-owners conveying title to a portion of the land owned as tenants in common to one of them which deed simultaneously establishes certain restrictions on the entire tract is enforeible by subsequent grantees of subdivision lots covered by the restrictions but not part of the premises conveyed in the same conveyance. Second, if the answer is in the affirmative, is it necessary that this instrument appear in a direct chain of title to constitute constructive notice of the restrictions to subsequent grantees?
There are certain verities involved in a discussion of restrictive covenants: that they are valid, that they are construed against the imposer, that they must be clearly defined, that they will be enforced against a grantee with notice.
In addition, certain other requirements must be met before and if a restriction will be declared to run with the land and be enforeible by or against subsequent grantees.
Is there privity in interest? Do such covenants touch and concern the land? In Neponsit Property Owners’ Assn. v. Emigrant Ind. Sav. Bank (278 N. Y. 248, 256) the court thoroughly discussed these abstruse questions and held in part: “ ‘ there is *46 now in this State a settled rule of law that a covenant to do an affirmative act, as distinguished from a covenant merely negative in effect, does not run with the land so as to charge the burden of performance on a subsequent grantee’”. (Emphasis supplied.) In this case, a negative covenant was set forth in the deed and, therefore, does touch and concern land.
In the same case the court then discussed the question of privity of estate and held (p. 261): “Enforcement of such covenants rests upon equitable principles * * * and at times, at least, the violation ‘ of the restrictive covenant may be restrained at the suit of one who owns property, or for whose benefit the restriction was established, irrespective of whether there were privity either of estate or of contract between the parties, or whether an action at law were maintainable. ’ ”
Is this a personal covenant or one which runs with the land? The facts in the instant case place it clearly by the settled law of the State in the category of a covenant running with the land and not a contract whereby an individual solely binds himself (Neponsit Property Owners’ Assn. v. Emigrant Ind. Sav. Bank, 278 N. Y. 248, supra ; Mott v. Oppenheimer, 135 N. Y. 312 ; Buffalo Academy of Sacred Heart v. Boehm Bros., 267 N. Y. 242).
Clearly, the parties to the original restrictive covenant intended that the covenant should run with .the land. The covenant is one, by its terms, touching and concerning the land with which it runs, and it appears also there is a privity of estate between plaintiffs and defendants herein. Accordingly, such covenant, if it does bind the parties hereto, must give way to an injunction enjoining defendants.
The remaining question concerns notice. Did the subsequent grantees have notice, actual or constructive, of the restrictions ? Was the deed setting forth the restrictions in a direct chain of title ?
A review of the evidence presented discloses the following:
1. Four corporations, Wagen, Inc., Genwood, Inc., Northledge, Inc., and Amherst Developing Co., Inc., bought a tract of land.
2. These four corporations conveyed part (subdivision lots 33-48) of said tract of land to one of the tenants in common (Northledge, Inc.) and placed restrictions on the entire tract.
3. The four corporations then conveyed subdivision lots 17-32 to one of the tenants in common, Genwood, Inc., and subdivision lots 1-16 to another of the tenants in common, Amherst.
4. Genwood, Inc., conveyed subdivision lots 29, 30 and 31 to one Burroughs and Amherst, Inc., conveyed subdivision lot 10 to the same grantee.
*47 5. Burroughs then sold and conveyed subdivision lots 10, 29, 30 and 31 to the parties to this litigation.
This court finds that the deed as set forth in No. 2 above (conveying subdivision lots Nos. 33-48) is not in a direct chain of title of subdivision lots Nos. 10, 29, 30 and 31, and; therefore, the defendants are not bound by constructive knowledge of said restrictions.
In the case of Buffalo Academy of Sacred Heart v. Boehm Bros, (supra, p. 250) the court held that: “ a purchaser takes with notice from the record only of incumbrances in his direct chain of title. In the absence of actual notice * * * an owner * * * is only bound by restrictions if they appear in some deed or record in the conveyance to himself or his direct predecessors in title.”
While it is true that every deed in the chain of title herein from the time of the establishment of the restrictions contained a clause in substance stating that the conveyance was subject to restrictions of record, this court holds that such an insertion cannot in and of itself be considered actual or constructive notice. (Oak Lane Realty Corp. v. Trinity Evangelical Lutheran Church, 13 Misc 2d 708.) The court at page 712 said: “ Counsel for plaintiffs contends, however, that the restrictions are in defendant’s chain of title by virtue of the 6 subject ’ clause contained in the deed to Platt Homestead, Inc. While there appears to be no New York authority directly in point, it has been held that building restrictions are not imposed on a lot conveyed ‘ subject to restrictions of record 3 where such restrictions do not appear in the chain of title. (Kuhn v. Saum, 316 Mo. 805.) This view would seem to be in accord with the rule stated in Buffalo Academy of Sacred Heart v. Boehm Bros, (supra) since such a clause does not give the purchaser notice of what restrictions, if any, exist. It is a mere precautionary clause designed to protect the seller against a claim that title is unmarketable in the event that there are restrictions in the chain of title.”
However, from the testimony presented at the trial of the case, this court finds that the defendants were informed and advised prior to the contract of sale and the closing of purchase of subdivision lot No. 30, that the lot and neighborhood area was restricted to residential use only. Since the court finds that the defendants had actual notice of the restrictions, they are bound by the covenants. The plaintiffs are entitled to an injunction enjoining defendants from using the premises as a dancing studio.