OPINION OF THE COURT
Donald G. Purple, Jr., J.
The parties in this action have moved for summary judgment. Plaintiffs brought this action for a permanent injunction seeking to prohibit defendants’ use of their property for commercial purposes. Plaintiffs are adjacent landowners who seek to enforce a restrictive covenant prohibiting commercial use allegedly contained in a deed in defendants’ chain of title.
All parties to this action derived title to the property from common grantors Edward and Dorothy Croft. Originally part of a 116-acre parcel purchased by the Crofts in 1947, each party acquired a portion of this parcel either from the Crofts or someone who acquired title from the Crofts. Each of the plaintiffs’ property contains a restrictive covenant prohibiting commercial use. Plaintiffs maintain that this restrictive covenant *476 was part of a common scheme or plan of development for the larger parcel which they believe applies to the defendants’ parcel as well. Additionally, plaintiffs Stevens maintain that they have a privity of title with the Crofts by which privity they may enforce the restrictive covenant against the defendants.
Beginning in 1957 Edward and Dorothy Croft began selling portions of the 116-acre parcel. Although no formal subdivision plan or map was ever filed, most of the parcels, but not all, contained a covenant which required the grantees not to use their property for commercial development. Some deeds contained a covenant which specifically ran with the land conveyed. Some deeds restricted use only by the named grantee. Some deeds contained no restriction whatsoever. One deed from the Crofts to John and Genevieve Kapral in 1959 contained a covenant that the Crofts would include a restrictive covenant against commercial use in all future lots conveyed by them. However, this covenant was not included in any of the subsequent deeds from the Crofts, and in 1965 the Crofts filed a correction deed which removed this restriction on their power to convey. The parcels owned by plaintiffs derive from transfers from the Crofts parcel after 1965.
Plaintiffs Stevens purchased a parcel from the original Crofts parcel which contained a personal covenant against commercial use of the parcel by the named grantees. However, in 1992 the Stevens purchased an adjoining parcel directly from Edward and Dorothy Croft which contained a restrictive covenant prohibiting the Stevens and any future grantees from using this parcel for commercial purposes. At the same time as the transfer to Stevens, a deed covering the remaining acres was given from Edward and Dorothy Croft to Dorothy Croft alone. This deed also contained a restrictive covenant against commercial use which was to run with the land. These deeds were recorded simultaneously on December 9, 1992. Nine months later, a "Correction Deed” of the same parcel conveyed in December was recorded from Edward and Dorothy Croft to Dorothy Croft. The only change in this deed was the removal of the restrictive covenant against commercial use. On the same day, a portion of this parcel was conveyed to defendants’ predecessor in title. This deed contained no specific restrictions against commercial use. It did however state that the transfer was subject to all restrictions and easements of record. Defendants purchased this parcel on May 2, 1996, again with no restrictive covenants.
*477 When parties seek to impose restrictions on the use of real property, they must establish the existence of the restrictive covenant by clear and convincing evidence. (Buffalo Academy of Sacred Heart v Boehm Bros., 267 NY 242.) Given the law’s preference for free and unencumbered use of real property, restrictive covenants are to be strictly construed against those seeking to enforce them. (Buffalo Academy of Sacred Heart v Boehm Bros., supra.) The burden of proof is on the party seeking to enforce the covenant and must be met by clear and convincing proof. (Huggins v Castle Estates, 36 NY2d 427, 430.) Adjacent landowners must prove both that they have standing to enforce a restrictive covenant and that the opposing landowner took title to the property with notice of the restrictive covenant. In this case plaintiffs’ claims must fail in both respects.
In order to enforce a restrictive covenant against an adjoining landowner, plaintiffs must prove either a common plan of development by the common grantor, direct privity with the landowner of the dominant estate or mutual covenants between adjoining landowners. (Korn v Campbell, 192 NY 490.) Plaintiffs have failed to present clear and convincing proof that any restrictions imposed on defendants’ property were intended to benefit plaintiffs.
First, there is insufficient evidence to prove that the Crofts had a general plan of development for the 116-acre parcel. Although many of the deeds did contain restrictions, not all did. Even those deeds with restrictions varied in the types of restrictions imposed and the language used. Finally, not all the restrictions ran with the land. Many restrictive covenants were imposed only against the original grantee, thereby leaving future development or use of the transferred parcel subject to change at a later date. Additionally, the Crofts’ initial agreement with Kapral to impose restrictions against commercial use in other deeds given from the parcel retained by the Crofts in 1959 was not contained in subsequent deeds and was eventually rescinded by the Crofts through a correction deed recorded in 1965. Given the lack of uniform covenants, the absence of any restrictions whatsoever in 16 of the deeds and the grantors’ removal of their covenant to so restrict future transfers, there is insufficient evidence to prove the existence of a common scheme of development.
Plaintiff Stevens’ claim of vertical privity must also fail. Plaintiffs argue that the restriction imposed in the 1992 deed from Edward and Dorothy Croft was intended to benefit the *478 land transferred to Stevens simultaneously. However, the facts alleged lead to a contrary conclusion, that is, that the restriction imposed by the Crofts was made to benefit and burden the lands retained by one of the original grantors, Mrs. Croft, and not plaintiff Stevens’ parcel. Neither deed recites any mutuality of restrictions. Crofts’ transfer to Stevens was recorded at the same time as the deed between the Crofts rather than being retained by the Crofts and transferred at a later date and time. Unlike a transfer of retained lands to an unrelated third party, the deed between Mr. and Mrs. Croft represented a retention of the remainder of the original 116-acre parcel by one of the original owners. The imposition of the restrictive covenant is just as easily explained as the desire by Edward Croft to maintain the value of the property he was placing solely in his wife’s name. Given these facts, it is equally logical to conclude that the parcel transferred to Mrs. Croft was in fact the dominant parcel and that the Crofts burdened the Stevens property with the restrictive covenant for the benefit of their retained property which they also chose to restrict to noncommercial development. However, as the restriction was imposed to benefit themselves, they could subsequently change their minds, remove the self-imposed restriction by filing a corrective deed and transfer the property unencumbered. This is exactly what happened here. Much like the plaintiffs in Witter v Taggart (78 NY2d 234), plaintiffs could have assured protection from future development by insisting that Crofts’ deed to Mrs. Croft reflect a mutual restriction to benefit plaintiffs’ land. Under the circumstances presented here, plaintiffs have failed to meet their burden of proof by clear and convincing evidence.
Finally, plaintiffs have failed to prove that the restriction against commercial development was imposed to benefit both parties at the time of the transfer. Nothing is reflected in the deeds nor does the transaction in and of itself indicate this mutuality of covenants. Plaintiffs’ proof is insufficient to prove a mutual covenant by clear and convincing evidence.
Plaintiffs’ cause of action must also fail for failure to prove that defendants were on notice of the restriction. A purchaser of property is charged only with notice of those matters which appear in the purchased land’s direct chain of title. (Witter v Taggart, 78 NY2d 234, 238, supra.) An abstract of title of defendants’ property would reflect that the restrictive covenant originally imposed by the Crofts in 1992 was removed in 1993 when the correction deed omitting the restrictive cove *479 nant was accepted by Mrs. Croft. As this omission was the only change made in the corrective deed, the general language in the corrective deed that the conveyance was subject to any restrictions of record was not sufficient to continue the original restrictive covenant. This language merely protects the seller if there are existing restrictions in the chain of title. (Eppolito v Medlicott, 28 Misc 2d 43, 47.) Here the restriction against commercial use was removed before the property was transferred to defendants. Therefore, defendants did not have notice of an existing restriction in their direct chain of title. Defendants should not be penalized for plaintiffs’ failure to insist that a mutual covenant be imposed which would place all subsequent purchasers on notice of plaintiffs’ right to enforce the restrictive covenant.
Based upon the above, plaintiffs’ application for summary judgment is denied and defendants’ application for summary judgment dismissing the complaint is granted.